405 A.2d 954

MONROE CONTRACT CORPORATION

v.

HARRISON SQUARE, INC., with notice to McGee Masonry, Inc., and Leonard McGee.

Appeal of A. J. DEMOR & SONS, INC.

Superior Court of Pennsylvania.

Argued April 10, 1978.

Decided June 6, 1979.

550

Edward C. Leckey, Pittsburgh, for appellant.

John A. Caputo, Pittsburgh, for appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

PRICE, Judge:

The question presented in this appeal is whether counsel for a party may, under certain circumstances, verify a petition. For the reasons stated herein, we hold that he may, and consequently reverse the order of the court below.

The events culminating in this appeal may be briefly summarized as follows. On September 21, 1973, Monroe Contract Corporation (Monroe) filed a mechanic's lien against Harrison Square, Inc. (Harrison Square) at M.L. 446 October Term, 1973. On December 1, 1973, Harrison Square filed preliminary objections to the lien alleging, *inter alia*, that it was filed in violation of a no-lien agreement. Two days later, Monroe filed a complaint *sur* its mechanic's lien at No. 2409 January Term, 1974, in which it claimed the sum of $29,576.83 plus interest. In reply, Harrison Square filed substantially the same preliminary objections it had presented against the mechanic's lien.

There were no further proceedings until July 23, 1976, when appellant A. J. Demor & Sons, Inc., filed a petition to intervene on behalf of Harrison Square. The petition was granted and appellant permitted to intervene on August 30, 1976.

On September 30, 1976, Leo Indyk, Monroe's Vice President, was subpoenaed to appear with all of that company's records pertaining to Harrison Square at a deposition of appellant. Mr. Indyk duly appeared on November 9, 1976, but *sans* records. In response to questions propounded by appellant regarding the records, Mr. Indyk objected to any further inquiries regarding Monroe's lien against Harrison Square.

That same day, appellant filed a motion to withdraw preliminary objections. Pursuant to that petition, the court, per the Honorable Robert Doyle, issued an order withdrawing Harrison Square's preliminary objections and granting appellant ten days after a stipulation being filed or the deposition of Leo Indyk being taken and transcribed, within which to file an answer to Monroe's complaint. It appears from the record that no stipulation was filed, nor was the deposition of Leo Indyk taken or transcribed.

On June 28, 1977, pursuant to Monroe's praecipe for judgment for want of an answer, the prothonotary entered a judgment for Monroe against Harrison Square in the amount of $45,197.84. On July 6, 1977, appellant presented a petition to strike or open the judgment. The affidavit attached to the petition was signed by counsel for appellant.

On July 13, 1977, the court below, per the Honorable Ralph H. Smith, Jr., entered an order which held that the petition of appellant was not duly verified and the court was consequently without jurisdiction to entertain it.[1] The decision was predicated chiefly on the assumption that the signing of the verification by counsel contravened our Rules of Civil Procedure. Appellant now argues that counsel for a party may properly verify a petition in certain circumstances. We agree.

Pa.R.C.P. No. 206 states:

"Every petition and answer containing allegations of fact which do not appear of record shall be verified by affidavit."

The comment to that rule indicates that the provisions for verification continue to be controlled by the Act of April 9, 1915, P.L. 72, § 1, 12 P.S. § 514. Upon inspection, however, this latter section refers only to the extent of the court's jurisdiction to entertain a petition, not to the form of the

1. The Act of April 9, 1915, P.L. 72, § 1, 12 P.S. § 514 states:
   "A judge of any court of record shall not, in any matter, case, hearing, or proceeding before him, receive or consider any petition, or paper in the nature of a petition, alleging any matter of fact, unless the petition or paper is duly verified as to such allegations."

petition itself. Confronted with this dearth of guidance pertaining to the valid verification for a petition, we turn to Pa.R.C.P. No. 1024 regulating the proper form of verification for pleadings.

■ It is true that the provisions of Rule 1024 are not directly applicable to petitions, because it explicitly addresses itself solely to pleadings, and a petition is not a pleading within the ambit of Pa.R.C.P. No. 1017(a).[2] Nevertheless, we see no reason why practice regulating a matter as common and collateral to all proceedings as verification should not be uniform in all cases. This view has been universally urged by Pennsylvania legal writers and has been explicitly accepted by several lower courts. *E. g., Yanofsky v. Bannacker*, 46 D & C2d 435 (C.P. Philadelphia 1969); *Revlon, Inc. v. Keystone Discount Stores, Inc.*, 10 Lebanon Co.L.J. 12 (1964); *Keen v. McIlvaine*, 9 Chester Co.L.J. 42 (1959); *Shenango Valley Transportation Co. v. Stokes (No. 1)*, 87 D & C 486 (C.P. Mercer 1954); 1A Anderson, Pennsylvania Civil Practice § 206.7 (1976); 1 Goodrich-Amram 2d §§ 206:2, 206:4.1 (1976). Moreover, this court has previously found Rule 1024 controlling in these instances by implication. *See Safeguard Investment Company v. Davis*, 239 Pa.Super. 300, 361 A.2d 893 (1976); *Borteck v. Goldenburg*, 87 Pa.Super. 602 (1926); *Safety Banking and Trust Co. v. Conwell*, 28 Pa.Super. 237 (1905). In *Safeguard*, for example, we were confronted with a petition to strike off or open judgment which had been dismissed by the lower court. The appellee contended, *inter alia*, that the petition was properly dismissed because the affidavit on one of the petitions involved was signed by petitioner's counsel rather than by the petitioner himself. In rejecting this claim, we held:

"While this affidavit does not technically comply with Pennsylvania Rules of Civil Procedure 1024 (*even though*

---

2. Pa.R.C.P. No. 1017(a) provides:

"The pleadings in an action are limited to a complaint, an answer thereto, a reply if the answer contains new matter or a counter-claim, a counter-reply if the reply to a counterclaim contains new matter, a preliminary objection and an answer thereto."

*signing by a party's attorney is permitted in some circum-stances*), and is not to be condoned we deem this error to be inconsequential, and certainly not prejudicial in the instant case." *Id.* 239 Pa.Super. at 305–06, 361 A.2d at 896 (emphasis added).

So as to make explicit the unstated premise of this finding in *Safeguard,* we hold that the form of affidavits to petitions should be construed with reference to Pa.R.C.P. No. 1024.

Turning now to Rule 1024, it states in pertinent part:

"(c) The verification shall be made by one or more of the parties filing the pleading unless all the parties (1) lack sufficient knowledge or information, or (2) are outside the jurisdiction of the court and the verification of none of them can be obtained within the time allowed for filing the pleading. In such cases, the verification may be made by any person having sufficient knowledge or information and belief and shall set forth the source of his information as to matters not stated upon his own knowledge and the reason why the verification is not made by a party."

In suitable circumstances, therefore, "any person having sufficient knowledge or information and belief" may verify a petition. It seems clear to this court that an attorney qualifies as "any person." Pa.R.C.P. No. 1002 does not demand a contrary result. That rule states: "Any act *other than verification* required . . . to be done by a party may be done by his attorney." (emphasis added). This only forbids an attorney from doing what a *party* must do; it does not prohibit him from doing what *any person* may do under the Rules. *See* 1 Goodrich-Amram 2d § 1002:1 (1976). Because any person may verify a pleading, and by extension a petition, an attorney has the power to do so in suitable circumstances.[3] We must emphasize, however, that counsel

---

**3.** The court below also reasoned that because an attorney is precluded by the Code of Professional Responsibility from acting as a witness, he is incapable of acting as such in making a verification.

may verify *only* in those cases in which the conditions delineated in Rule 1024 are present.

Again, we have implicitly accepted this proposition in prior cases. In both *Borteck* and *Safety Banking*, we affirmed the lower court's dismissal of a petition verified by petitioner's counsel. In each case, however, our action was premised on a failure to comport with the technical rules governing the contents of the affidavits; we made no per se assumption that petitioner's counsel could not verify the petition if done properly. In *Safeguard*, moreover, we specifically rejected an argument that a verification was defective solely because of counsel's signature. We thus find that the court below erred in dismissing the petition for this reason.

■ Nevertheless, the court below further noted that the verification was defective apart from this question by virtue of its failure to strictly comport with the language of Rule 1024. While there was indeed a formal error in the verification, we find that it was *de minimis.* Specifically, Rule 1024 requires that the petitioner must be without sufficient "knowledge or information" before another is permitted to sign in his stead. Instantly, while the affidavit recited that appellant lacked sufficient knowledge to make verification, it did not allege that appellant was also without sufficient information to do so.[4] To dismiss a petition on

We may reject this on both the implicit reasoning of our prior decisions, *e. g., Safeguard Investment Company v. Davis, supra,* and the express provisions of the Code. While the latter does indeed express a legitimate concern with trial counsel acting as a witness in a proceeding, *see* Ethical Consideration 5–9, Disciplinary Rules 5–101 and 5–102 enumerate several instances in which the attorney may properly serve in this capacity.

4. The court below opined that the affidavit was also deficient in two other respects: (1) it did not state the source of the information which allowed counsel to execute the verification; and (2) it did not aver the authority of counsel to verify the affidavit. As to the first, Pa.R.C.P. No. 1024 requires that the source of information be indicated only with respect to those matters not stated upon the signer's own knowledge. Instantly, the verification alleged that all the facts set forth in the petition were within the knowledge of counsel, thus obviating any need to detail a source of information. As to the

such a point, however, would be contrary to both the design of verification and our numerous holdings in other areas viewing substantial compliance as a sufficient standard. Verification is necessary to defend a party against spurious allegations; it must not be transformed into an offensive weapon designed to strike down an otherwise valid petition. While we do not, of course, condone willful noncompliance with our procedural rules, a hypertechnical reading of each clause, and a blind insistence on precise, formal adherance, benefits neither the judicial system nor those utilizing that system. As we reiterated in *Safeguard*, " ' . . . courts should not be astute in enforcing technicalities to defeat apparently meritorious claims; . . . .' " *Safeguard Investment Company v. Davis, supra,* 239 Pa.Super. at 306, 361 A.2d at 896, *quoting West Penn Sand & Gravel Company v. Shippingport Sand Company,* 367 Pa. 218, 223, 80 A.2d 84, 86 (1951).

Thus, at a bare minimum, a court confronted by a defective verification should grant leave to amend before dismissing the petition.[5] *See, e. g., Dallmeyer v. Giroux,* 65 D & C 2d 250 (C.P. Adams 1974). Such action is not instantly necessary because the error was here inconsequential and certainly not prejudicial. It would not be in the best interests of judicial economy to remand the matter for

second, while we note that older cases apparently demanded such an averment, *e. g., Borteck v. Goldenburg, supra,* there is no such requirement in Pa.R.C.P. No. 1024.

5. We recognize that this holding implicitly rejects the view that a deficient verification raises a question of jurisdiction. Although 12 P.S. § 514 states that a court shall not consider any petition alleging matters of fact until the petition is duly verified, we view the verification as necessary to the protection of the party, not to the jurisdiction of the court. *Warner and Peterson Trust v. Joseph F. Allias,* 52 Westmoreland L.J. 153 (1970); *Noll Appeal,* 27 D & C 2d 780 (C.P. Berks 1962); 1A Anderson, Pennsylvania Civil Practice § 206.9 (1976); 1 Goodrich-Amram 2d § 206:5 (1976). *But see Falone Appeal,* 231 Pa.Super. 388, 332 A.2d 558 (1975), *reversed, In re William Falone,* 464 Pa. 42, 346 A.2d 9 (1975); *M & M Transportation Company v. Theofilos,* 50 D & C 2d 780 (C.P. Mercer 1971); *Hernley v. Hernley,* 10 Lebanon Co.L.J. 32 (1964).

the sole purpose of effecting a miniscule and purely formal amendment.[6]

The order of the court below is therefore reversed, and the court instructed to issue on Monroe a rule to show cause why the judgment for want of an answer should not be opened or stricken.

VAN der VOORT, J., concurs in the result.

JACOBS, former President Judge, did not participate in the consideration or decision of this case.

**6.** Appellant also contends that because the facts pertinent to the opening or striking of the judgment are already of record, a verification was not actually required. Although whether all pertinent information did indeed appear of record is arguable, it is undisputed that the petition does contain information not of record, even if the information is merely to fill a "time gap" in the record. Pa.R.C.P. No. 206 does not distinguish between petitions with *material* facts dehors the record and those with *nonmaterial* facts dehors the record. So long as the petition contains allegations of fact which do not appear of record, it must be verified.