432 A.2d 1112

**William B. HOOVER and Janet E. Hoover**

v.

**Kenneth Edward CUMMINGS, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 3, 1979.

Filed July 24, 1981.

Kenneth Edward Cummings, appellant, in pro. per.

Larry E. Coploff, Lock Haven, did not file a brief on behalf of appellees.

Before SPAETH, CAVANAUGH, and O'KICKI, JJ.*

O'KICKI, Judge:

This appeal arises from an order dismissing defendant's Petition to Strike Off Judgment.

On January 9, 1979, a complaint endorsed with motion to plead was filed and served upon the defendant January 12, 1979. Defendant failed to file an answer within the required twenty day period. On February 2, 1979, plaintiffs obtained a default judgment against the defendant for failure to appear or answer the complaint as required by Pa.R.C.P. 1047. On February 6, 1979, defendant filed a Petition to Strike Off Judgment. Briefs were submitted. Oral argument was held March 20, 1979.

The issue raised by the pleadings is whether or not a complaint is void ad initio when the original complaint filed with the prothonotary is legally correct but the copy served on the defendant is at variance with the original with regard to its verification, jurat and attorney's signature.

The record reveals that the original Complaint does contain the signatures of the plaintiffs as well as the signatures of the notary, together with the commission expiration dates. The only variance between the original and copy is

---

\* President Judge JOSEPH F. O'KICKI, of the Court of Common Pleas of Cambria County, Pennsylvania, is sitting by designation.

the absence of original signatures and seals from the verification part of the copy. The original complaint is endorsed by plaintiffs' attorney on front of the notice to defend.

Appellant contends that these variances between the original and copy that was served on defendant cause the complaint to be void ab initio, thus justifying his failure to file an answer within the twenty day period. With that narrow contention this court can not agree.

In the case of *Monroe Contract Corporation v. Harrison Square, Inc.,* 266 Pa.Super. 549, 405 A.2d 954 (1979), the plaintiff filed a praecipe for judgment for want of an answer, a mechanic's lien. Subsequently, defendant petitioned to strike or open the judgment. The lower court entered an order denying defendant's petition. The lower court's rationale for denying the petition was that the petition was not duly verified pursuant to Pa.R.C.P. 1024. The Superior Court reversed the lower court stating, 266 Pa.Super. 557, 405 A.2d at 958:

> "While we do not, of course, condone willful noncompliance with our procedural rules, a hypertechnical reading of each clause, and a blind insistence of precise, formal adherance, benefits neither the judicial system nor those utilizing that system. As we reiterated in *Safeguard [Investment Co. v. Davis,* 239 Pa.Super. 300, 361 A.2d 893 (1976)], . . . . courts should not be astute in enforcing technicalities to defeat apparently meritorious claims; . . . . ." (citations omitted).

Likewise, in *Associates Financial Services Company, Inc. v. Meagher,* 59 Pa.D. & C.2d 638 (1972), a class factually similar to the case at bar, judgment was entered for failure to file an answer to a complaint. Defendant filed a petition to strike off and/or open judgment.

That court, in dismissing defendant's petition, stated at 639:

> "Generally, where a defect or irregularity appears on the face of the record, a judgment may be stricken, but a judgment regular on its face will not be stricken off; 7 Standard Pa.Pract., Ch. 30, § 157 page 185. Defendants

assign two reasons for the striking of the judgment. Initially, defendants contend that the original complaint of plaintiff and the affidavit attached to it were not properly signed and notarized so as to comply with the Pennsylvania Rules of Civil Procedure 1023 and 1024. The court finds that both the original signing and notarization complied with all requirements of rules 1023 and 1024. These rules have no application to copies of pleadings. The use of conformed copies of service is a universally accepted practice. No separate verification is needed on the copy of the pleadings served on the opponent: *Mark v. Township of Whitehall, 27 Lehigh 204."*

Pa.R.C.P.No. 126, 42 Pa.C.S.A. sets forth the legislative intent to be applied to rules of civil procedure as follows:

"The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties."

Further, Pa.R.C.P.No. 1032, 42 Pa.C.S.A. in pertinent part states:

"A party waives all defenses and objections which he does not present either by preliminary objection, answer or reply, . . . ."

In the case at bar, unlike the case of *Monroe,* supra, the original complaint, filed of record, meets all requirements of the rules of civil procedure. In *Monroe,* the original petition was not properly verified and the court held such defect to be "de minimis".

See also: *Johnston v. Shapp,* 57 Pa.D. & C.2d 753 (1972) failure of amended complaint to contain a verification; *Avoco Financial v. Witherite,* 12 Centre L.J. 99 (1977); complaint without valid verification cannot support a default judgment; *De Luca v. Columbia Accident and Health Insurance Co.,* 38 Beaver L.J. 62 (1979) failure to verify does not support striking of complaint; *Safeguard Investment Company v. Davis,* 239 Pa.Super. 300, 361 A.2d 893 (1976),

allocatur refused, improper signature on affidavit to petition to open judgment. In all of these cases the various courts have held the procedural error to be inconsequential and/or non prejudicial to the parties involved.

As stated in Pa.R.C.P. 126, a court "may disregard any error or defect of procedure which does not affect the substantial rights of the parties." In the case at bar, there is no defect or error, defendant had notice to defend against procedurally correct complaint and knew or should have known that would result in a default judgment.

In the case at bar, as in *Associates Financial Services Company, Inc. v. Meagher*, supra, the complaint was procedurally correct. The copy served on defendant was a conformed, "true copy". Pa.R.C.P. 1008, 42 Pa.C.S.A.

■ Where no satisfactory explanation for failure to file a pleading is offered the judgment by default will not be stricken. *Associates Financial Services Company, Inc. v. Meagher*, supra, p. 640.

Wherefore, the Order of May 17, 1979 of the Common Pleas Court of Clinton County is hereby affirmed.

Affirmed.

SPAETH and CAVANAUGH, JJ., concur in the result.