J-A28044-14

**NON-PRECEDENIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS SUCCESSOR TRUSTEE TO BANK OF AMERICA, N.A., AS SUCCESSOR TO LASALLE BANK, N.A., AS TRUSTEE FOR THE MERILL LYNCH FIRST FRANKLIN MORTGAGE LOAN TRUST, MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2007-HI | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| STEVEN CORTEAL | |
| Appellant | No. 1242 EDA 2014 |

Appeal from the Order Entered on March 25, 2014
In the Court of Common Pleas of Chester County
Civil Division at No.: 12-06384

BEFORE:  GANTMAN, P.J., WECHT, J., and JENKINS, J.

CONCURRING MEMORANDUM BY WECHT, J.:    **FILED DECEMBER 03, 2014**

I join the learned majority's affirmance of the trial court's order granting summary judgment to U.S. Bank National Association in this mortgage foreclosure action because Steven Corteal failed duly to preserve the issue he raises before this Court.  Furthermore, I join the majority's determination that an infirm verification under Pa.R.C.P. 1024 does not implicate the trial court's subject matter jurisdiction, as such.

I write separately because I differ respectfully with the majority's view that a verification that categorically is at odds with Rule 1024 may be overlooked—or has been overlooked in prior cases—simply because the

mortgagor does not dispute the arrears underlying the foreclosure action. It is true that our Rules of Civil Procedure grant trial courts discretion to "disregard any error or defect of procedure which does not affect the substantial rights of the parties." Pa.R.C.P. 126. However, the majority speaks too broadly in suggesting that a verification that patently violates the letter and spirit of Rule 1024 does not, and perhaps cannot,[1] affect "the substantial rights of the parties." To the contrary, in *Atlantic Credit & Finance, Inc., v. Giuliana*, 829 A.2d 340 (Pa. Super. 2003), this Court held that "the requirement of a verification is not waivable because **without it a pleading is mere narration and amounts to nothing**." *Id.* at 344 (emphasis added) (quoting 2 Goodrich Amram 2d § 1024(a):1. We reaffirmed this proposition in our recent decision in *JP Morgan Chase Bank, N.A., v. Murray*, 63 A.3d 1258, 1271 (Pa. Super. 2013). If a complaint is so deficiently verified[2] as to comprise "mere narration," it is difficult to see how that does not implicate the substantial rights of the party or parties named therein, and our cases remanding with direction for the

---

[1] As set forth *infra*, the verification in this case was not trivially or technically non-compliant—it was categorically so.

[2] This is not to dispute our observation in *Monroe Contract Corp. v. Harrison Square, Inc.*, 405 A.2d 954 (Pa. Super. 1979), that mere "technical" deficiencies in a verification, when "inconsequential," may not require relief. *Id.* at 957. However, when the requirements of Rule 1024 are flouted entirely, the deficiency is neither "technical" nor "inconsequential," and I do not join the majority to the extent that it holds otherwise.

preparation of a compliant verification, as well as our case law imposing more severe sanctions, establish as much. *See George H. Althof, Inc., v. Spartan Inns of Amer., Inc.*, 441 A.2d 1236, 1237-38 (Pa. Super. 1982) (remanding for amendment of verification); *Giuliana*, 829 A.2d at 344-45 ("[T]here is no doubt but that the verification attached to the complaint in the instant case falls so far short of the statutory mandate that the verification is wholly defective and inadequate to support entry of . . . judgment against [the] appellants.").

Moreover, in holding in *Giuliana* and again in *Murray* that the verification requirement "is not waivable" there is at least the suggestion that the majority's determination in this case that Corteal waived his Rule 1024 objection by failing to raise it in the trial court is at odds with our case law. However, in both *Giuliana* and *Murray*, unlike in this case, the adequacy of the verification had been raised by the defendant in preliminary objections. Consequently, neither case addressed the question of waivability writ large. Furthermore, Corteal only asserts non-waivability in connection with his argument that a deficient verification vitiates this Court's subject matter jurisdiction, which, as noted above, I join the majority in rejecting. *See* Maj. Memo. at 6 (citing *Monroe Contr. Corp. v. Harrison Square, Inc.*, 405 A.2d 954, 959 n.5 (Pa. 1979)). Inasmuch as Goodrich Amram's language, which we have twice adopted, might be understood in more than one way, and because Corteal does not squarely address "non-waivability" as stated in *Giuliana* and *Murray*, the question should await another day.

- 3 -

Finally, I write to note my disapproval of the trial court's suggestion that this Court's discussion of Rule 1024 in **Murray** was *dicta*. **See** Trial Court Opinion, 5/27/2014, at 2 & n.2. While it is true that, in that case, we took up Rule 1024 after determining that summary judgment had been entered in error due to other legal infirmities, our discussion of that issue was not gratuitous. Rather, it preceded and explained our affirmative direction to the trial court to address the serious deficiencies in the verification on remand. Specifically, after detailing the categorical non-compliance of a verification—which, notably, was materially no more deficient than the verification at issue in this case[3]—we directed the trial court to address these deficiencies on remand. **See Murray**, 63 A.3d at 1271 ("[G]iven the various uncertainties in this case, and even in the presence of such an obvious violation of both the letter and the spirit of Rule 1024, we are loath to deny *ex cathedra* [the a]ppellee's opportunity to

_____

[3] **Compare Murray**, 63 A.3d at 1270 (quoting the verification), **with** Complaint of U.S. Bank National Association at 5 (unnumbered) (material identical verification in the instant matter). Notably, in **Murray**, we characterized the deficiencies in the verification at issue—which, again, was very much like the verification in this case—as follows: "[T]he verification's omission of all material requirements of Rule 1024(c) not only is deficient, but approaches the level of deficiency identified in **Giuliana** as perhaps not even warranting an opportunity to amend the pleading to correct the error, based upon the fact that no effort whatsoever was made to satisfy Rule 1024(c)." **Murray**, 63 A.3d at 1271. As the similarities between the verifications in this case and **Murray** illustrate, Pennsylvania courts are no strangers to verifications filed in foreclosure actions that show little regard for the requirements of Rule 1024.

amend its verification. Thus, on remand the trial court may, in its discretion, furnish any plaintiff deemed proper in this matter the opportunity to offer a new verification under Rule 1024, either by a representative of the duly named plaintiff or by any other person who is qualified to attest to the satisfaction of Rule 1024(c)'s precisely delineated requirements. However, the [c]omplaint must duly be verified if this litigation is to proceed."). I am unaware of any definition of *dicta* that would apply to an instance in which, following the detailed analysis of a duly raised and argued issue, an appellate court grants relief by directing the trial court to rectify that problem. I believe that the trial court plainly erred in dismissing **Murray**'s discussion of Rule 1024 as *dicta*, and note for the trial court's benefit that our Rule 1024 discussion in that case should be understood as precedential in the future.