J-S05031-19

NON-PRECEDENTIAL DECISION — SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF CWALT, INC. ALTERNATIVE LOAN TRUST 2007-9T1, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-9T1 | : : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : | |
| MAITE NEDERLOF, MICHAEL A. NEDERLOF AND UNITED STATES OF AMERICA | : : : : | |
| APPEAL OF: MICHAEL NEDERLOF | : | No. 1042 WDA 2018 |

Appeal from the Order Entered June 20, 2018
in the Court of Common Pleas of Allegheny County
Civil Division at No(s): MG-16-000437

BEFORE:    PANELLA, P.J., NICHOLS, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:                FILED APRIL 11, 2019

Michael Nederlof (Appellant) appeals from the order entered June 20, 2018, which granted the motion for summary judgment filed by The Bank Of New York Mellon (BNY) in favor of BNY and against Appellant. Upon review, we affirm.

On March 24, 2016, BNY filed a complaint in mortgage foreclosure against Appellant and Maite Nederlof. According to BNY, on March 12, 2007, Appellant, in consideration of indebtedness, executed and delivered to Countrywide Home Loans, Inc. d/b/a America's Wholesale Lender (Countrywide) a promissory note in the principal amount of $1,260,000.

_____
*Retired Senior Judge assigned to the Superior Court.

Complaint, 3/24/2016, at ¶ 4. The same day, Appellant and Maite Nederlof executed and delivered to Mortgage Electronic Registration Systems (MERS) a mortgage secured by the property located at 1502 Fox Chapel Road in Pittsburgh, Pennsylvania. That mortgage was recorded in the Office of the Recorder of Deeds on March 22, 2007. Id. at ¶ 5. BNY averred that it is "the legal holder of the [m]ortgage" as assignee of MERS. Id. at ¶ 6. According to BNY, Appellant is in default on the mortgage, as BNY has not received payment since August 1, 2010. Id. at ¶ 8. BNY requested the trial court enter an in rem judgment in the amount of $1,825,969.02 in its favor.

After a series of preliminary objections, an amended complaint, and an answer and new matter, BNY moved for summary judgment on September 26, 2017. That motion was denied without prejudice. BNY filed a second motion for summary judgment on March 2, 2018. On June 13, 2018, Appellant responded, claiming that summary judgment was not proper because BNY's amended complaint "is verified by Keli Smith, a Document Coordinator for Bayview Loan Servicing, LLC [(Bayview)], which is not a party to this case." Brief in Opposition to Plaintiff's Motion for Summary Judgment, 6/13/2018, at 2 (pagination supplied).

On June 20, 2018, the trial court granted summary judgment in favor of BNY in the amount of "$2,059,355.50 with interest ($224.21 per diem) from and after March 15, 2018 escrow advanced, and any additional recoverable costs to date of Sheriff's Sale; and for foreclosure and sale of the

mortgaged property." Order, 6/20/2018. Appellant timely filed a notice of appeal. Appellant filed a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925, and the trial court filed an opinion in response.[1]

On appeal, Appellant sets forth one issue for our review: "Did the trial court err when it granted summary judgment where there exists a genuine issue of material fact where [BNY's] [a]mended [c]omplaint was not properly verified pursuant to Pa.R.[C].P. 1024?" Appellant's Brief at 4.

> We begin with our standard of review of a trial court order granting or denying summary judgment:

> A reviewing court may disturb the order of the trial court only where it is established that the court committed an error of law or abused its discretion. As with all questions of law, our review is plenary.

> In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. Pa.R.C.P. 1035.2. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. Where the non-moving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which it bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law. Lastly, we will view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

---

[1] On August 8, 2018, BNY obtained a consent judgment against the United States of America. On August 21, 2018, BNY obtained a default judgment against Maite Nederlof.

- 3 -

JP Morgan Chase Bank, N.A. v. Murray, 63 A.3d 1258, 1261–62 (Pa. Super. 2013) (citing Murphy v. Duquesne Univ. of the Holy Ghost, 777 A.2d 418, 429 (Pa. 2001) (citations, internal modifications, and quotation marks omitted)).

Here, Appellant claims that because the amended complaint was "verified by a 'Document Coordinator' for" Bayview, which "is not a party to the action," the trial court erred in granting summary judgment. Appellant's Brief at 9. BNY responds by arguing that the verification satisfies the mandates of Pa.R.C.P. 1024, and that even if it does not, Appellant has not been prejudiced.[2] See BNY's Brief at 12-16. The trial court concluded that Smith "signed an affidavit stating that she is an authorized officer, representative or agent for BNY and is entitled to make the [v]erification on behalf of BNY." Trial Court Opinion, 9/26/2018, at 4 (pagination supplied).

We begin our analysis with an overview of Pa.R.C.P. 1024, which provides the following in relevant part.

_____

[2] BNY also contends that Appellant waived the issue regarding the verification by filing its response to the motion for summary judgment too late. BNY's Brief at 11-12. According to BNY, pursuant to Pa.R.C.P. 1035.3(d), "[s]ummary judgment may be entered against a party who does not respond." However, it is well settled that this rule is permissive, not mandatory. See Thomas v. Elash, 781 A.2d 170, 177 (Pa. Super. 2001). Thus, it was within the trial court's discretion to decide whether this late response was, in effect, no response. We discern no abuse of discretion in the trial court's decision to address the motion for summary judgment on its merits. In addition, we point out that "[a]s noted in Goodrich Amram, 'the requirement of a verification is not waivable…'." Atl. Credit & Fin., Inc. v. Giuliana, 829 A.2d 340, 344 (Pa. Super. 2003).

(a) Every pleading containing an averment of fact not appearing of record in the action or containing a denial of fact shall state that the averment or denial is true upon the signer's personal knowledge or information and belief and shall be verified. The signer need not aver the source of the information or expectation of ability to prove the averment or denial at the trial. A pleading may be verified upon personal knowledge as to a part and upon information and belief as to the remainder.

* * *

(c) The verification shall be made by one or more of the parties filing the pleading unless all the parties (1) lack sufficient knowledge or information, or (2) are outside the jurisdiction of the court and the verification of none of them can be obtained within the time allowed for filing the pleading. In such cases, the verification may be made by any person having sufficient knowledge or information and belief and shall set forth the source of the person's information as to matters not stated upon his or her own knowledge and the reason why the verification is not made by a party.

Pa.R.C.P. 1024.

"[W]ithout a verification 'a pleading is mere narration and amounts to nothing.'" JP Morgan, 63 A.3d at 1271 (quoting 2 Goodrich Amram 2d § 1024(a):1).  In considering this issue, we turn to this Court's decision in JP Morgan.[3]

_____

[3] Prior to reaching the issue of a defective verification in JP Morgan, which we discuss infra, this Court reversed the order granting summary judgment in favor of JP Morgan.  Specifically, this Court held there was a genuine issue of material fact where it was not clear the original note, including all assignments that would permit JP Morgan to act as plaintiff in the mortgage foreclosure action, was included in the certified record or had been inspected by Murray. See JPMorgan, 63 A.3d at 1268.  After reaching this conclusion, this Court went on to address Murray's challenge to the verification.  In the instant matter, there is no dispute that BNY is the holder of the original note.

In that case, Murray challenged "the validity of the original verification of the [c]omplaint pursuant to Pa.R.C.P. 1024(c)." JP Morgan, 63 A.3d at 1269. At the time the complaint was filed, the plaintiff was listed as Deutsche Bank National Trust Co. as Trustee for Washington Mutual Mortgage Securities Corp. 2000-1 (Washington Mutual). On the civil complaint cover sheet, "[Washington Mutual's] name was supplemented with the words 'c/o JP Morgan Chase Bank, National Association.' The caption on the [c]omplaint made no reference whatsoever to any JPMorgan entity." Id. at 1279. However, the complaint was verified by Barbara Hindman, a Vice President at JP Morgan. "Murray argue[d] that, because JP Morgan was not a captioned plaintiff to the action … Ms. Hindman, qua [sic] a representative of JP Morgan, could [] verify the [c]omplaint on behalf of [p]laintiff only if she certified satisfaction of the requirements of Rule 1024(c)." Id. at 1270.

This Court agreed with Murray's interpretation of the rule. Specifically, this Court held that JP Morgan's verification "took the form of a verification permissible under Rule 1024(a) if offered by a representative of [Washington Mutual] itself." Id. at 1271. However, because the verification was signed by an officer of JP Morgan, "who was acting on behalf of [Washington Mutual] and that JPMorgan was acting as the 'servicer of [Murray's] loan and the agent of the mortgagee,'" Ms. Hindman's verification was valid "only if verified in conformity with Rule 1024(c)." Id.

Turning to the instant case, there is no question that Keli Smith, a document coordinator at Bayview, is not a party in this action. Her verification sets forth the following.

> The undersigned hereby states that [she] is an authorized officer, representative or agent for Plaintiff, The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificateholders of CWALT, Inc, Alternative Loan Trust 2007-9T1, Mortgage Pass-Through Certificates, Series 2007-9T1, in this action and that [she] is authorized to make this Verification on behalf of Plaintiff, The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2007-9T1, Mortgage Pass-Through Certificates, Series 2007-9T1, and that the facts set forth in the foregoing Amended Complaint are taken from records maintained by persons supervised by the undersigned who maintain the business records of the Mortgage held by Plaintiff, The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2007-9T1, Mortgage Pass-Through Certificates, Series 2007-9T1, in the ordinary course of business and that those facts are true and correct to the best of [her] knowledge, information and belief.

Verification to Amended Complaint, 4/26/2017.

Rule 1024(c) provides that "[t]he verification shall be made by one or more of the parties filing the pleading[.]" Pa.R.C.P. 1024(c). Here, Bayview is not the plaintiff in the instant action; rather, BNY is the named plaintiff. Thus, as in JP Morgan, supra, if anyone other than a representative of BNY wanted to or needed to sign the verification, it must be done in conformity

with Rule 1024(c).[4]   Based on the foregoing, there may be a technical deficiency in BNY's verification.

However, even if the verification has failed to comply with the Pa.R.C.P. 1024, we conclude this potential technical deficiency does not warrant relief under these circumstances.   A "verification is necessary to defend a party against spurious allegations; it must not be transformed into an offensive weapon designed to strike down an otherwise valid petition." Monroe Contract Corp. v. Harrison Square, Inc., 405 A.2d 954, 958 (Pa. Super. 1979) (declining to require filing of a new verification "because the error was here inconsequential and certainly not prejudicial.  It would not be in the best interests of judicial economy to remand the matter for the sole purpose of effecting a miniscule and purely formal amendment."); see also Reilly v. Ernst & Young, LLP, 929 A.2d 1193, 1201 (Pa. Super. 2007) (holding that

_____

[4] It is not clear whether the requirements of Pa.R.C.P. 1024(a) have been satisfied in this case.  Smith states that she is an "authorized officer, representative or agent" of BNY.  Verification to Amended Complaint, 4/26/2017.  However, she does not explain how she, a document coordinator at Bayview, is an authorized representative or agent of BNY.  It is not clear whether such explanation is necessary.  What is clear is that the verification does not satisfy the requirements of a verification by a non-party pursuant to Pa.R.C.P. 1024(c).  It does not set forth that anyone at BNY "lack[s] sufficient knowledge or information" or that BNY is "outside the jurisdiction of the court and the verification [cannot] be obtained within the time allowed for filing the pleading." Pa.R.C.P. 1024(c).  In addition, the verification does not state "why the verification is not made by a party." Id.

technical deficiency in verification does not warrant relief where prejudice was "minimum" and there was "no showing of willfulness or bad faith").[5]

In this case, Appellant does not argue he was prejudiced by this potential defect, nor does he argue that BNY acted in bad faith.[6]  Moreover, there is no dispute that BNY holds the original note, and Appellant has not made payments on this debt since 2010.  Accordingly, we conclude that this potential de minimis technical violation of Pa.R.C.P. 1024 does not warrant the reversal of the grant of summary judgment in favor of BNY.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  4/11/2019

_____

[5] BNY asks this Court to consider an unpublished memorandum where this Court concluded that similar errors in a verification amounted to no more than de minimis and non-prejudicial error.  Except for circumstances not relevant here, "[a]n unpublished memorandum decision shall not be relied upon or cited by a [c]ourt or a party in any other action or proceeding." 210 Pa. Code § 65.37.  However, on March 4, 2019, effective May 1, 2019, our Supreme Court amended Pa.R.A.P. 126, and unpublished non-precedential memorandum decisions of the Superior Court filed after May 1 2019, may be cited for persuasive value.

[6] The only attempt to argue prejudice by Appellant is his assertion that a "financial titan" such as BNY should not be entitled to "do violence to basic pleading requirements." Appellant's Brief at 11.