J. S33033/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| VICTOR JAMES SANTARELLI, III, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| THE ESTATE OF JOSEPH JOHN | : | |
| ABDA, III, JOSEPH ABDA, | : | |
| ACTING ADMINISTRATOR OF THE | : | No. 72 MDA 2019 |
| ESTATE OF JOSEPH JOHN ABDA, III | : | |
| AND MARIA ABDA | : | |

Appeal from the Order Entered December 12, 2018,
in the Court of Common Pleas of Lackawanna County
Civil Division at No. 2018-CV-4473

BEFORE:  LAZARUS, J., OTT, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED: OCTOBER 18, 2019**

Victor James Santarelli, III, appeals from the December 12, 2018 order entered in the Court of Common Pleas of Lackawanna County granting the preliminary objections filed by The Estate of Joseph John Abda, III, Joseph Abda, Acting Administrator of The Estate of Joseph John Abda, III and Mary Abda (collectively, "the Estate") and dismissing appellant's complaint with prejudice.[1]  We affirm.

The trial court set forth the procedural history as follows:

---

[1] We note that in a ***per curiam*** order filed February 5, 2019, Tamara Santarelli, appellant's wife, was stricken by this court as an appellant in this appeal as she was not a party in the underlying case.  (***Per curiam*** order, 2/5/19.)

On September 28, 2018, [appellant] and Tamara Santarelli filed a civil Complaint against [the Estate]. At the time of the filing of the Complaint, Tamara Santarelli listed her address as SCI Cambridge Springs. The [Estate] filed Preliminary Objections to said Complaint on October 16, 2018. One of the [Estate's] Preliminary Objections questioned the status of Ms. Santarelli as a party to this action, in that, despite not being included on the Writ of Summons filed in this matter, she maintains nevertheless that she is a proper Co-Plaintiff in this action. Tamara Santarelli signed her own name on the Complaint as a Plaintiff, and she signed [appellant's] name to that document as well.

The Office of the Court Administrator of Lackawanna County sent a scheduling notice regarding oral argument on the Preliminary Objections on October 24, 2018 to [appellant] at his Jessup, PA residence, to Ms. Santarelli at her prison mailing address in Cambridge Springs, and to defense counsel John McGovern, Jr. at his Scranton, PA office. Said notice indicated that "Judge Tom Munley will hear oral argument on [the Estate's] Preliminary Objections on December 11, 2018 at 10:00 a.m." at the Lackawanna County Courthouse in Courtroom Six. On the day and time of the scheduled argument regarding the Estate's Preliminary Objections, neither [appellant] nor Tamara Santarelli attended. Ms. Santarelli was likely still incarcerated, and [the trial c]ourt reviewed and considered the assertions and legal arguments she presented in the documents she filed in this civil action. Defense counsel appeared and offered argument on the merits of the Preliminary Objections, and [the trial c]ourt then ruled in favor of [the Estate], signing an Order which granted the Preliminary Objections and dismissed the case with prejudice. All parties later received a copy of this Order by mail, which was sent from chambers.

Trial court opinion, 1/22/19 at 1-2.[2]  Appellant filed *pro se* a timely notice of appeal.  The trial court did not require appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).  However, the trial court filed a Rule 1925(a) opinion.

Appellant raises 15 issues for our review.[3]  (*See* appellant's brief at 3-5.)  Appellant's issue, "[d]id the trial court err in dismissing [a]ppellant's complaint?" is, however, dispositive.

Appellant claims the trial court erred in dismissing the complaint with prejudice when it granted the preliminary objections.  (*Id.* at 41-52.)

> Our standard of review of an order of the trial court overruling or granting preliminary objections is to determine whether the trial court committed an error of law.  When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court.

*Gross v. Nova Chem. Services, Inc.*, 161 A.3d 257, 262 (Pa.Super. 2017) (citations and brackets omitted).

---

[2] The trial court opinion does not contain pagination; for the ease of our discussion, we have assigned each page a corresponding number.

[3] We note that several of the issues raised refer to documents as having been filed by appellant.  For example,

> Did the trial court err in refusing to directly respond to [a]ppellant's and Tamara Santarelli's Motion to Join and Motion to Extend Time to File Complaint, filed on or about September 4, 2018?

Appellant's brief at 3, ¶ 1.  A review of the record reveals that those documents were, in fact, signed by and filed by only Tamara Santarelli, who is not a party to this action.

Pennsylvania Rule of Civil Procedure 1024(a) states, in pertinent part, as follows:

**Rule 1024.  Verification**

(a)    Every pleading containing an averment of fact not appearing of record in the action or containing a denial of fact shall state that the averment or denial is true upon the signer's personal knowledge or information and belief and shall be verified. . . .

. . . .

(c)    The verification shall be made by one or more of the parties filing the pleading . . . .

Pa.R.Civ.P. 1024(a) & (c).  The term "'verified,' when used in reference to a written statement of fact by the signer, means supported by oath or affirmation or made subject to the penalties of 18 Pa.C.S.[A.] § 4904 relating to unsworn falsification to authorities."  *See* Pa.R.Civ.P. 76.

Pennsylvania Rule of Civil Procedure 1023.1 states, in pertinent part, as follows:

**Rule 1023.1.  Scope.  Signing of Documents. Representations to the Court.  Violation**

. . . .

(b)    Every pleading, written motion, and other paper directed to the court shall be signed by at least one attorney of record in the attorney's individual name, or, **if the party is not represented by an attorney, shall be signed by the party**.

Pa.R.Civ.P. 1023.1(b) (emphasis added).

A complaint is a legal nullity, void **ab initio**, when the complaint is not signed by the **pro se** plaintiff and fails to include the essential verification statement signed by plaintiff. *See Atl. Credit and Finance, Inc. v. Giuliana*, 829 A.2d 340, 344 (Pa.Super. 2003) (citation omitted) (holding that, the verification requirement is essential to the pleading "because without it a pleading is mere narration, and amounts to nothing."); *see also Monroe Contract Corp. v. Harrison Square, Inc.*, 405 A.2d 954, 958 (Pa.Super. 1979) (holding that, non-compliance with the verification requirement will not be condoned); *Rupel v. Bluestein*, 421 A.2d 406, 414 (Pa.Super. 1980) (stating that, to hold unexplained and unexcused non-compliance with the verification requirement as unimportant would only encourage non-compliance by others, and laxity on the part of the lower courts).

Here, the Estate filed preliminary objections to the complaint for failure of the complaint to conform to law or rule of court, in the nature of a demurrer to all counts, and for insufficient specificity. (Estate's preliminary objections, 10/16/18.) In its preliminary objection for failure to conform to law or rule of court, the Estate contended that the complaint was filed without a verification statement signed by appellant. (*Id.* at ¶¶ 20-28.) The Estate averred that Tamara Santarelli, who was not a party to this action, filed the complaint and signed appellant's name, as well as her own name. (*Id.* at ¶¶ 23, 26.) The trial court, noting that appellant failed to appear at the hearing on the matter, to argue the merits of his complaint, or to present opposition to the

preliminary objections, sustained the preliminary objections upon finding that the Estate's arguments were valid and legally supported. (Trial court opinion, 1/22/19 at 2.)

A review of the record reveals that appellant commenced an action against the Estate; and on August 17, 2018, a praecipe for writ of summons, listing appellant as the plaintiff, was issued and served upon the Estate. Tamara Santarelli was not listed as a plaintiff on the praecipe. Tamara Santarelli signed and filed the complaint, listing herself as co-plaintiff, and on appellant's signature line wrote, "Victor James Santarelli III signed with his permission by Tamara Santarelli." (**See** complaint, 9/28/18.) The complaint did not contain a verification statement signed by appellant, and the complaint was not signed by appellant, as the **pro se** plaintiff.

The record clearly demonstrates that the complaint failed to conform to the Pennsylvania Rules of Civil Procedure requiring that the complaint be signed by the **pro se** appellant and contain a verification statement signed by appellant. **See** Rules 1023.1 and 1024. Therefore, we find no error in the trial court's granting of the Estate's preliminary objection for failure to conform to the rules of court. Moreover, because appellant's complaint is void **ab initio** for failure to include the essential verification statement signed by appellant and was not signed by the **pro se** appellant, we find appellant's other issues moot.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/18/2019