J-A04039-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| E*TRADE BANK | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| MATTHEW GRASSA, SANDRA LANDMESSER GRASSA AND OCCUPANTS | : | No. 661 EDA 2019 |
| Appellants | : | |

Appeal from the Judgment Entered January 24, 2019
In the Court of Common Pleas of Delaware County Civil Division at
No(s):  CV-2017-006606

BEFORE:   PANELLA, P.J., STRASSBURGER, J.*, and COLINS, J.*

MEMORANDUM BY COLINS, J.:                          **FILED MAY 12, 2020**

Appellants, Matthew Grassa and Sandra Landmesser Grassa (Defendants), appeal from judgment entered on January 24, 2019, against Defendants and in favor of E*Trade Bank (Plaintiff).  We affirm.

The facts underlying this appeal are as follows.  Defendants are the current occupants of the property in question.  Amended Complaint at ¶ 9, Answer at ¶ 9.  Plaintiff filed a complaint in ejection against Defendants. Amended Complaint, New Matter at ¶ 16.  Plaintiff attached a Sheriff's Deed to its Amended Complaint that accurately described the property in question. Amended Complaint, Exhibit 1; Answer at ¶ 3.

On July 26, 2017, Plaintiff filed a complaint for ejectment against Defendants.  On December 27, 2017, Defendants filed preliminary objections to Plaintiff's complaint, alleging that Plaintiff failed to conform its complaint to

_____

*Retired Senior Judge assigned to the Superior Court.

established law because the verification attached to the complaint was signed by Plaintiff's attorney Martha E. Von Rosentiel, Esq., and not Plaintiff. Plaintiff filed an amended complaint on January 16, 2018, attaching a verification signed by the Vice President of Bayview Loan Servicing, LLC (Bayview), Attorney-in-fact for Plaintiff, verifying that the statements in the complaint are true and correct to the best of her knowledge and made subject to 18 Pa.C.S. § 4904. Plaintiff attached a limited power of attorney between Plaintiff and Bayview to the amended complaint. On February 16, 2018, Defendants filed preliminary objections to Plaintiff's amended complaint. Defendants claim that Plaintiff failed to attach a proper abstract of the title of the property to their complaint. Additionally, Defendants again complained that the verification attached to the amended complaint was not signed by Plaintiff and states, "[t]he power of attorney attached to the amended complaint does not grant authority to Bayview or any other attorney-in-fact to bring an action in ejectment."

On February 26, 2018, Plaintiff filed a response to Defendants' preliminary objections. On May 3, 2018, the trial court filed an order overruling Defendants' preliminary objections. On May 23, 2018, Defendants filed an Answer to Plaintiff's complaint and incorporated new matter. On June 7, 2018, Plaintiff filed a reply to Defendants' new matter. On June 11, 2018, Plaintiff filed a motion for summary judgment, which the trial court denied without prejudice for Plaintiff to refile its motion upon completion of discovery. On October 22, 2018, Plaintiff filed a second motion for summary judgment.

On January 24, 2019, the trial court granted summary judgment in favor of Plaintiff and entered judgment in favor of Plaintiff. On February 25, 2019, Defendants filed this timely notice of appeal.[1]

Defendants present the following issues for review:

1. Whether, where genuine issues of material fact exist, the trial court abused its discretion and/or committed errors of law by granting a motion for summary judgment.

2. Whether, where a post-foreclosure complaint in ejectment was brought by an agent pursuant to a limited power of attorney which does not grant to the agent the authority to bring post-foreclosure actions in ejectment or otherwise, the trial court abused its discretion and/or committed errors of law by overruling the defendants' preliminary objections and granting plaintiff's motion for summary judgment.

3. Whether, where the plaintiff failed to attach a valid and complete abstract of title to its ejectment complaint, the trial court abused its discretion and/or committed errors of law by overruling the defendants' preliminary objections and granting plaintiff's motion for summary judgment.

Defendants' Brief at 8.

Our standard of review of an appeal from an order granting summary judgment is well settled:

Summary judgment may be granted only in the clearest of cases where the record shows that there are no genuine issues of material fact and also demonstrates that the moving party is entitled to judgment as a matter of law. Whether there is a genuine issue of material fact is a question of law, and therefore our standard of review is *de*

_____

[1] The trial court did not order Defendants to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

- 3 -

*novo* and our scope of review is plenary. When reviewing a grant of summary judgment, we must examine the record in a light most favorable to the non-moving party.

**Reason v. Kathryn's Korner Thrift Shop**, 169 A.3d 96, 100 (Pa. Super. 2017) (internal citations omitted).

Defendants' first and second issues can be discussed together. Defendants, in their brief, set out excerpts from their various pleadings under their first issue heading. Defendants conclude that a genuine issue of material fact existed as to whether Bayview had the authority to bring the current action. However, Defendants do not provide an argument on this point under this heading, but rather discuss Bayview's authority under their second issue heading. Therefore, we will discuss the first two issues as one. Defendants argue that Bayview lacked the authority to sign the verification on behalf of Plaintiff, in violation of Pa.R.Civ.P. 1024, and accordingly the trial court erred in granting summary judgment.

Pa.R.Civ.P. 1024 states:

> (a) Every pleading containing an averment of fact not appearing of record in the action or containing a denial of fact shall state that the averment or denial is true upon the signer's personal knowledge or information and belief and shall be verified. The signer need not aver the source of the information or expectation of ability to prove the averment or denial at the trial. A pleading may be verified upon personal knowledge as to a part and upon information and belief as to the remainder. . . .
>
> (c) The verification shall be made by one or more of the parties filing the pleading unless all the parties (1) lack sufficient knowledge or information, or (2) are outside the jurisdiction of the court and the verification of none of them can be obtained within the time allowed for filing the

> pleading. In such cases, the verification may be made by any person having sufficient knowledge or information and belief and shall set forth the source of the person's information as to matters not stated upon his or her own knowledge and the reason why the verification is not made by a party.

Pa.R.Civ.P. 1024. Any person, including an attorney for a party, may verify on behalf of another party, provided that person does so only in those cases in which the conditions delineated in Rule 1024 are present. *JP Morgan Chase Bank, N.A. v. Murray*, 63 A.3d 1258, 1270 (Pa. Super. 2013) (citation omitted).

> Verification is necessary to defend a party against spurious allegations; it must not be transformed into an offensive weapon designed to strike down an otherwise valid petition. While we do not, of course, condone willful noncompliance with our procedural rules, a hypertechnical reading of each clause, and a blind insistence on precise, formal adherance, benefits neither the judicial system nor those utilizing that system. [C]ourts should not be astute in enforcing technicalities to defeat apparently meritorious claims.

*Monroe Contract Corp. v. Harrison Square, Inc.*, 405 A.2d 954, 958 (Pa. Super. 1979) (this Court reversed dismissal of a petition where verification alleged party did not have knowledge but did not allege party was without sufficient information).

The verification is signed by the Vice President of Bayview Loan Servicing, as attorney-in-fact for Plaintiff, and states that Bayview has been authorized to make the verification on behalf of Plaintiff. The verification states that Plaintiff "lacks the sufficient knowledge or information to make this verification" because it delegated the servicing activities to Bayview, its

attorney-in-fact. The verification states, "the undersigned is fully familiar with the statements made in the complaint and verifies that the facts set forth in the amended complaint are true and correct to the best of her knowledge, information and belief." This satisfies the requirements of Pa.R.Civ.P. 1024.

Defendants additionally argue that the limited power of attorney between Bayview and Plaintiff did not grant Bayview, as the agent and attorney-in-fact of Plaintiff, the authority to bring post-foreclosure actions, namely, an action in ejectment. In addition, Defendants argue that the power of attorney has expired. Defendants are challenging the validity of the power of attorney signed between Bayview and Plaintiff, namely, they are challenging the terms of the agreement. However, as Defendants are not a party to the power of attorney, Defendants do not have standing to challenge it. **See Ira G. Steffy & Son, Inc. v. Citizens Bank of Pennsylvania**, 7 A.3d 278, 287–88 (Pa. Super. 2010) (appellant had no rights under agreement between appellee and another party; appellant was not a third party beneficiary of contract between appellee and other party). E*Trade is the plaintiff bringing the ejectment action, therefore, it is not necessary that Bayview's power of attorney give it authority to bring the action. Bayview is not the plaintiff bringing the ejectment action.

Next, Defendants dispute the sufficiency of the abstract of title presented by Plaintiff in its complaint. In an action in ejectment, Pa.R.Civ.P. 1054(b) provides: "A party shall set forth in the complaint or answer an

abstract of the title upon which the party relies at least from the common source of the adverse titles of the parties."  Pa.R.Civ.P. 1054(b).

> An abstract of title is simply a compilation in an abridged form of the record of the vendor's title; it is a summary of the most important parts of the deeds and other instruments comprising the evidences of title, arranged in chronological order, and intended to show the original source and incidents of title.  [I]f the plaintiff's abstract reveals a defect in his chain of title, he will not have established a *prima facie* title, without which his claim must fail; the defendant need prove nothing.

*Busin v. Whiting*, 535 A.2d 1078, 1080 (Pa. Super. 1987) (internal citations omitted), *rev'd on other grounds*, 570 A.2d 508 (Pa. 1989).

Plaintiff complied with Pa.R.Civ.P. 1054(b).  In its complaint, Plaintiff attached the Sheriff's Deed, dated May 26, 2017, identifying the property in question, and stating that the property was vested in Matthew Grassa and Sandra Grassa by deed from Mark Fletcher Binnion, dated July 11, 2006, recorded July 12, 2006 in the Delaware County Office of the Recorder of Deeds in Deed Book 3850, Page 1209.  *See* Amended Complaint, Exhibit pages 6-9 (unpaginated).  Plaintiff stated that an *in rem* judgment in mortgage foreclosure was entered against Defendants in the Court of Common Pleas of Delaware County in Docket No. 12-5329.  *See* Amended complaint at ¶ 4. Plaintiff attached the docket to its complaint.  Next, Plaintiff stated that the subject premises was subjected to a Sheriff's sale on April 21, 2017, that Plaintiff was the successful bidder at the Sheriff's sale and attached the Sheriff's Deed Poll to the complaint.  *Id*.  Plaintiff stated that the Sheriff's

Deed Poll was recorded on June 1, 2017 in the Office of the Recorder of Delaware County at Instrument No. 2017028402, Book No. 6006, Page 0159. *Id*. Plaintiff stated that the Sheriff's Deed Poll represents the common source of the adverse titles to the Defendants and Plaintiff. *Id*. The complaint incorporates this deed by reference in accordance with Pa.R.Civ.P. 1019(g). *See id*. ("a party may incorporate by reference ... any matter which is recorded or transcribed verbatim in the ... office of the ... recorder of deeds ... of such county"). Plaintiff satisfied Pa.R.Civ.P. 1054(b) by showing the common source of the title in question.

The verification to the complaint was sufficient under the Rules of Civil Procedure and Defendants' arguments as to the limited power of attorney and abstract of title are meritless.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 05/12/2020