363 A.2d 1221

Bartlett E. SITER and Albert Siter, trading as
A. S. Siter & Sons, a partnership
Appellant,

v.

MARYLAND PEAT & HUMUS CO.

Superior Court of Pennsylvania.

Sept. 27, 1976.

Charles H. Hinkson, Chester, for appellant.

Ralph B. D'Iorio submitted, Media, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PER CURIAM:

This is an appeal from the order of the lower court *en banc* granting appellee's motion for a new trial on the ground that the trial judge erred in refusing to grant appellee's motion to strike the testimony of appellant's expert witnesses. Because appellee did not move at trial to strike the testimony for the reason he now argues, he has waived that reason and neither the lower court *en banc* in the first instance nor we on appeal may consider it. *Dilliplaine v. Lehigh Valley Trust Company*, 457 Pa.

255, 322 A.2d 114 (1974). We therefore reverse and reinstate the verdict for appellant.

Appellant, a wholesale florist, brought an action in assumpsit to recover damages from appellee for an alleged breach of warranty arising from appellee's 1968 sale of peat to appellant. Appellant used the peat to pot a large quantity of azaleas, poinsettias and gardenias that appellant was growing for sale. Allegedly the peat was defective and killed the plants. The case was tried on April 22 and 23, 1974, and the jury returned a verdict in favor of appellant in the amount of $98,247.45.

Because appellant's expert witnesses were available only for a limited time, they testified first before the factual foundation of the case had been laid by appellant's other witnesses. The experts were asked a hypothetical question in which they were asked to assume certain facts that appellant proposed to prove through the testimony of its fact witnesses. Appellee did not object to this procedure, but reserved its right to object to the hypothetical question after the fact witnesses had concluded their testimony.

The experts were asked to assume, among other data, two facts: (1) that before 1968 appellant had never used appellee's peat in the preparation of its azaleas, gardenias and poinsettias, and (2) that appellant had used the peat as directed.

At the close of appellant's case, appellee objected to the hypothetical question. Appellee moved to strike the testimony of the expert witnesses on the ground that appellant had not proved the first assumed fact on which the experts had based their testimony: that before 1968 appellant had never used appellee's peat. The trial judge, after an on-the-record discussion of that fact only, overruled the objection. After overruling the objection, however, the judge asked if appellee had any other motions; appellee said no.

Appellee then closed its case without offering any testimony. Counsel for appellee apparently argued to the jury in his closing remarks that appellant had not shown that it had used the peat as directed. Those remarks are not recorded, however. In any event, counsel never made this argument in the course of the trial in support of any objection or motion.

In its motions for a new trial and for judgment n. o. v. appellee asserted that the trial judge had erred in not granting the motion to strike the expert testimony on the ground that appellant had not proved the second assumed fact: that appellant had used the peat as directed. After argument, the *court en banc* granted the new trial.

■■■ It has long been the rule in this Commonwealth that where the introduction of evidence is objected to at trial for a specific reason, other reasons are waived and may not be asserted post-trial for the first time. *Commonwealth v. Stoltzfus*, 462 Pa. 43, 337 A.2d 873 (1975) ; *Commonwealth v. Budd*, 443 Pa. 193, 278 A.2d 879 (1971). Here the issue appellee argues was never presented to the trial judge for his consideration. Thus the judge was never given the opportunity to correct any error he might have made, nor was appellant alerted to a possible oversight. Had appellee objected at trial and had the objection been meritorious, the expert testimony could have been stricken. The trial judge could then have decided whether to permit appellant to reopen its case to supply the missing proof. If the proof could not be supplied, or if the judge decided in the sound exercise of his discretion not to permit reopening, a motion for directed verdict in appellee's favor could have been granted, and no further trial would be necessary. By refraining from objecting at trial, counsel for appellee trapped both his opponent and the trial judge.

This is precisely the kind of strategy that the Supreme Court condemned in *Dilliplaine v. Lehigh Valley Trust Co., supra.*

The order is reversed and the verdict for appellant reinstated.

PRICE, J., notes his dissent.