402 A.2d 510

**PROVCO LEASING CORPORATION, a Pennsylvania Corporation,**

v.

**Michael SAFIN, Jr., Individually and t/a Pocono Sanitary Refuse, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 6, 1977.

Decided April 20, 1979.

424

Edwin Krawitz, East Stroudsburg, for appellant.

George W. Westervelt, Jr., Stroudsburg, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, President Judge:

On April 1, 1975, the parties entered into a lease wherein appellee, Provco Leasing Corporation leased to the appellant, Michael Safin, Jr. several refuse containers and compactors to be used in appellant's refuse business. On the same day, appellant signed an "Acceptance Notice" certifying that he had received, inspected and accepted the equipment. The lease provided for payments of $512.52 per month extending over 60 months. Within several months, appellant became dissatisfied with the condition of the equipment. After making payments of $2,050.08, appellant orally notified the lessor that he refused to continue payments until the lessor repaired the equipment despite the contract provision placing the responsibility for repair upon appellant as the lessee.

Appellant was notified in October that lessor would not repair the equipment and that the equipment would be repossessed if payments were not forthcoming. In November of 1975, the lessor repossessed the equipment and sold it pursuant to the lease provision dealing with default. Also pursuant to the lease, the total rental payments of $30,-751.20 were accelerated.[1] Appellant's account was credited with the proceeds from the sale of the equipment in the amount of $7,800.00 and the $2,050.08 previously paid and charged with the cost of repossession of $3,978.99 and an attorney's commission of $4,478.42 leaving an amount due and owing of $29,358.53. On May 20, 1976, the lessor confessed judgment for this amount under a warrant of attorney contained in the lease agreement.

In the complaint, lessor had inadvertently failed to attach the photocopy of the second side of the lease due to a clerical error in lessor's corporate offices. On June 8, 1976, appellant filed a motion to set aside the confessed judgment attacking, inter alia, the sufficiency of the "photostatic copy" of the lease agreement supporting the judgment. On the same day, the trial court issued a rule to show cause why the validity of the judgment should not be inquired into and the judgment set aside. On February 22, 1977, the lessor filed a petition for leave to amend the complaint so as to include the inadvertently omitted second page of the lease, a copy of which was attached to the petition to amend and served upon the appellant. Appellant was then granted 20 days in which to raise additional grounds of defense in the event that the court would permit the inclusion of the second page of the lease. Pursuant to this grant, appellant

1. The lease provision dealing with default provides in pertinent part: "If Lessee shall fail to pay any rental as herein provided when the same is due and payable  .   .   . , the Lessor, at its option,  .   .   . may exercise one or more of the following remedies:
(a) declare the remaining unpaid installments of rent under the lease at once due and payable.  .   .   .
(c) terminate this lease and enter upon Lessee's premises and remove said Property with or without notice to Lessee and sell the Property  .   .   . and apply the proceeds of the sale first to the expense of the sale, including reasonable attorney's fees, and second to the total unpaid rental due for the term of this lease."

filed a second petition to strike the judgment wherein he asserted new defenses based upon the second page of the lease. On April 11, 1977, the Court of Common Pleas granted lessor's motion to amend the complaint by including the second page of the lease subject to proper verification. The trial court then went on to decide the case in favor of the lessor based upon the entire lease addressing itself at length to issues raised in both of appellant's petitions. The second page was formally verified on April 28, 1977, 17 days after the entry of judgment for the lessor. This appeal followed.

Appellant first contends that his defenses to the confession of judgment were prejudiced by the fact that the trial court based its decision on an amended exhibit, i. e., the second page of the lease, prior to the time that the amendment was made part of the official record. We find no prejudice in this situation. The amendment was properly in the record at the time of the decision subject only to verification under Pa.R.C.P. 1024. The fact that the actual verification was not entered until 17 days after the opinion was handed down is a purely technical objection which lacks merit in this case since no prejudice resulted therefrom to any of appellant's substantive defenses. Rule 126 of the Pa.R.C.P. provides:

"The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantive rights of the parties."

Appellant asserts that his substantive defenses raised in his original answer were prejudiced by the court's consideration of the entire lease agreement as contained in the amended complaint as opposed to the partial lease agreement as contained in the initial complaint. While this court agrees that appellant's defenses were disposed of by the addition of the missing portion of the lease, this is not "prejudice" which affords judicial relief.

Appellant also objects that he did not have 20 days to answer the amended complaint as provided by Pa.R.C.P. 1026 and 1033 and that he did not have the entire lease in preparing his defense. Appellant asserts that he did not have an opportunity to raise new issues or to take supplementary depositions. These contentions are refuted by the facts: (1) appellant had knowledge of the proposed amendment containing the entire lease for at least three months prior to the decision of the court; (2) the court granted appellant 20 days leave to file new defenses which might be raised by the amendment; and (3) appellant filed a second petition to strike or open the confession of judgment raising new objections to the amended complaint. The appellant was fully aware of the proposed amendment, he raised several issues attacking the lease as amended and each of the issues raised was carefully considered by the trial court. Appellant had every opportunity to raise any new issues when he filed his second petition to strike, or to take new or supplementary depositions in preparation of his defense. Since appellant has had an adequate opportunity to present these questions to the trial court, we hold that these issues have been waived. *Dilliplaine v. Lehigh Valley Trust Co.,* 457 Pa. 255, 322 A.2d 114 (1974); *Siter v. Maryland Peat & Humus Co.,* 242 Pa.Super. 184, 363 A.2d 1221 (1976).

Appellant's major argument is that his clear consent, as lessee, to the cognovit clause has not been shown. See, *Egyptian Sands Real Estate, Inc. v. Polony,* 222 Pa.Super. 315, 294 A.2d 799 (1972). Appellant asserts that he did not understand the cognovit clause, that he had no counsel present at the time of signing, that the provisions of the lease were not explained to him, that the lease had been prepared by the lessor and that the other parties to the agreement did not sign in his presence. Appellant offered as proof that he did not understand the cognovit clause his deposition which, he claims, shows that he did not understand anything contained within the lease documents. However, no evidence has been introduced by appellant to show that there was any identifiable reason why he could not

have understood the documents or that he had asked for an explanation of any of the provisions of the agreement.

The confession of judgment clause in this case is both clear and conspicuous. The cognovit is contained in the first paragraph of the "Lease Guarantee" which is separate from the "Lease Agreement." To be bound, the lessee [appellant] had to execute both the lease and the separate guaranty. The paragraph containing the cognovit is captioned "CONFESSION OF JUDGMENT" in bold face capitals and is the only paragraph that is captioned. Immediately following this paragraph is a bold face capitalized warning:

"THE UNDERSIGNED ACKNOWLEDGE THAT THEY UNDERSTAND THE CONFESSION CONTAINED IN PARAGRAPH EIGHT HEREOF, THAT THIS TRANSACTION IS COMMERCIAL IN NATURE AND THAT THEY WAIVE ANY RIGHT TO A HEARING WHICH WOULD OTHERWISE BE A CONDITION TO LESSOR'S OBTAINING THE JUDGMENTS AUTHORIZED BY PARAGRAPH EIGHT HEREOF."

The warning is clear, understandable and obvious.

The lease was commercial in nature and appellant testified that he had been in the business of hauling refuse for thirteen or fourteen years and that during this time he had bought, sold and traded equipment. Presumptively, appellant had gained a cautious business acumen associated with buying, selling and trading refuse equipment which would alert him to the confession of judgment provision contained within the agreement. See, *Overmyer v. Frick*, 405 U.S. 174, 92 S.Ct. 775, 31 L.Ed.2d 124 (1972).

Under the particular facts of this case, we concluded that the clear consent of appellant was shown by his signature on the lease documents.

Judgment affirmed.

JACOBS and WATKINS, former President Judges, and HOFFMAN, J., did not participate in the consideration or decision of this case.