## Serfass v. Kreykenbohm

*Jeffrey Greenwald,* for petitioner.
*Theodore Lewis,* for respondent.

FRANCIOSA, *J.,* August 22, 1979—On October 31, 1978, the parties entered into a lease wherein plaintiff/respondent, Richard A. Serfass, leased to defendant/petitioner, Constance J. Kreykenbohm, a second floor apartment at 118 N. Broad Street, Nazareth, Pa. The written lease executed by the parties contained a clause for confession of judgment.

On May 10, 1979, plaintiff/respondent confessed judgments in ejectment and for rental payments. Defendant/petitioner's major argument is that her clear consent, as lessee, to the cognovit clause has not been shown.

Since this matter is before us on a petition to strike, we must limit our inquiry to the face of the record. Hence, we may not consider defendant/petitioner's assertions that her income is less than $10,000 annually and that she did not waive rights lost by a confession of judgment.*

After examining the lease document filed as part of the instant record, we conclude that it is insufficient to sustain the judgments obtained by the lessor. In Provco Leasing Corp. v. Safin, _____ Pa. Superior Ct. _____ 402 A. 2d 510 (1979), the Superior Court held that a confession of judgment clause must be clear and conspicuous. There, the warning was found to be clear, understandable and obvious because the lease had these features:

1. The cognovit was contained in the first paragraph of the lease guarantee which was separate from the lease agreement.

2. To be bound, the lessee had to execute both the lease and the separate guaranty.

3. The paragraph containing the cognovit was captioned confession of judgment in bold face capitals and was the only paragraph that was captioned.

4. Immediately following the cognovit was a bold face capitalized warning which read:

---

*These factual issues would be cognizable only under a petition to open. Although defendant/petitioner initially raised an alternative request to open, she stipulated to the dismissal of her petition to open.

"THE UNDERSIGNED ACKNOWLEDGE THAT THEY UNDERSTAND THE CONFESSION CONTAINED IN PARAGRAPH EIGHT HEREOF, THAT THIS TRANSACTION IS COMMERCIAL IN NATURE AND THAT THEY WAIVE ANY RIGHT TO A HEARING WHICH WOULD OTHERWISE BE A CONDITION TO LESSOR'S OBTAINING THE JUDGMENTS AUTHORIZED BY PARAGRAPH EIGHT HEREOF."

Here, a comparison reveals these deficiencies: (1) The cognovit was contained in the 22d paragraph of the lease agreement itself; there was no separate lease guarantee which contained a confession of judgment clause as its first paragraph. (2) To be bound, the lessee had to execute only the lease agreement. She was not required to execute a separate guaranty. (3) The paragraph containing the cognovit was not captioned, but appears in small print along with other uncaptioned paragraphs of the lease agreement. (4) No warning in bold face type immediately followed the cognovit clause.

Obviously, the lease agreement in this case was in the nature of an adhesion contract. In our opinion, such an inconspicuous confession of judgment clause is invalid and unenforceable on its face.

In light of our conclusion, we do not reach defendant/petitioner's argument that due process necessitates a hearing to be conducted on the waiver question before entry of a confessed judgment.

Wherefore, we enter the following

## ORDER

And now, August 22, 1979, the judgments entered by confession are stricken off; in addition, no writs of execution shall issue.

The praecipe for writ of execution designated as 1979-C-5138 is hereby vacated and discontinued.