**Signora v. Kaplan**

C.P. of Delaware County, no. 95-7834.

*Mark A. Sereni,* for plaintiff.
*Ronald H. Surkin* and *L. Keith Lipman,* for defendants.

BATTLE, *J.,* April 22, 1996—The plaintiff, Nancy J. Signora, has brought an action against Liberty Travel Inc. and Barry S. Kaplan. A default judgment was entered against both defendants on July 28, 1995. The defendants have filed a petition to open the default judgment. The complaint was filed on June 20, 1995 and served on defendant Liberty Travel on June 26, 1995 and on defendant Barry S. Kaplan on June 23, 1995. The complaint is brought by the plaintiff, Nancy J. Signora, individually and as the representative of a class. The plaintiff alleges, on her own behalf, a claim of wrongful discharge and violations of the Pennsylvania Minimum Wage Act. She also claims that she was wrongfully denied payment of earned commissions.

A notice to defend was contained in the complaint. As noted in 42 Pa.R.C.P. 1018.1, the defendant must enter a written appearance and file a responsive pleading within 20 days of receipt of the complaint. On July 17, 1995, the plaintiff mailed a 10 day notice to the defendants pursuant to Pa.R.C.P. 237.1 for failing to respond to the complaint. The defendants did not respond within those 10 days. On July 27, 1995, the plaintiff filed a praecipe for entry of judgment by default for failure to plead. A judgment in default was entered by the office of Judicial Support on July 28, 1995.

On August 1, 1995, the defendants' attorneys filed their entry of appearance. On August 4, 1995, the defendants filed a petition for relief from judgment in

accordance with 42 Pa.R.C.P. 237.3; 32 days after service of the complaint. The defendants assert that they have fulfilled the requirements of 42 Pa.R.C.P. 237.3 in that they have responded to the judgment by default in a timely manner and have filed an answer which states a meritorious defense.

The plaintiff alleges that not only can the defendant not prove a meritorious defense, but that both the petition to open the default judgment and its attached proposed answer were not properly verified. Hence, the plaintiff argues, the entry of the default judgment should stand. This court will first address the issue of verification. The applicable rules when dealing with verification are Pa.R.C.P. 1024 and 237.3. 42 Pa.R.C.P. 1024(a) reads: "[E]very pleading containing an averment of fact not appearing of record in the action . . . upon signer's personal knowledge or information and belief and shall be verified." 42 Pa.R.C.P. 1024(c) states: "Verification shall be made by one or more of the parties filing the pleading unless . . . [i]n such case, the verification may be made by any person having sufficient knowledge . . . and shall set forth the source of his information and belief as to matters not stated upon his own knowledge and the reasons why the verification is not made by a party." The court in *Monroe Contract Corporation v. Harrison Square Inc.,* 266 Pa. Super. 549, 405 A.2d 954 (1979), has ruled that Pa.R.C.P. 1024 also governs verifications of petitions.

42 Pa.R.C.P. 237.3 refers to default judgments. It states:

"(a) A petition for relief from a judgment of non pros or of default entered pursuant to Rule 237.1 shall have attached thereto a verified copy of the complaint or answer which the petitioner seeks leave to file.

"(b) If the petition is filed within 10 days after the entry of the judgment on the docket, the court shall open the judgment if the proposed complaint of answer states a meritorious cause of action or defense."

Once subdivision (b) is satisfied, then the judgment must be opened if the petitioner attaches to the petition a *verified* complaint or answer which states a meritorious cause of action or defense. 42 Pa.R.C.P. 237.3.

4 Standard Pa. Practice 2d, ch. 21 §21:29 states that as a general rule, a party's pleading may not be verified by that party's attorney. Further, unless all requirements of Pa.R.C.P. 1024 are met, verification by counsel is inappropriate. 3 Standard Pa. Practice 2d, ch. 16 §16:39. It is recognized that verification is the manner in which a party attests to the truthfulness of the pleading. Without proper verification, the pleading is of "little value to the court." 3 Standard Pa. Practice 2d, ch. 16 §16:35. "A court will not treat verification lightly or as a procedural formality; the law requires verification and without it, a statement of claims is a mere narration which amounts to nothing." *Id.*

In *Pickar v. Fino,* 49 D.&C.3d 630 (1988), the defendant sought to strike the plaintiff's complaint for failing to provide proper verification as required by 42 Pa.R.C.P. 1024. The court ruled that "a second amended complaint may not be verified by plaintiff's attorney under Pa.R.C.P. 1024 where the complaint incorporates facts established at depositions that have not been filed of record." See also, *Louwerse v. Louwerse,* 36 D.&C.3d 542 (1985); *Covington v. Sagot,* 1 D.&C.3d 687 (1977).

Defense counsel argues that the rules are to be liberally construed. In the case of *Rupel v. Bluestein,* 280 Pa. Super. 65, 421 A.2d 406 (1980), the court noted that the rules should be liberally construed, but also

stated that a complaint is defective where it is verified by the petitioner's attorney and fails to state which allegations were made on the basis of the verifying attorney's knowledge and what the source of the attorney's information is in regards to the matters not within his knowledge.

More to the point is *Borteck v. Goldenburg,* 87 Pa. Super. 602 (1926). In *Borteck,* the court held that an order discharging a rule to open a judgment will not be reversed on appeal, where it appears that the petition was sworn to by the attorney for the defendant, but without any averment that he had authority to do so or had personal knowledge as to the facts being alleged; and where no depositions were taken to support the allegations of facts which were denied.

In the case at bar, the defendants have failed to properly verify the petition for relief from default and they also failed to verify their answer. The defendants attempted to correct this problem by filing a praecipe to substitute verification relating to defendants' petition for relief from default. This occurred after the 10 day requirement for filing required by Pa.R.C.P. 237.3. This, too, was not properly verified in that not only was the verification made by a non-party but it also failed to state the reasons why the attorney made the verification instead of the party. Further, the verification did not state as to what matters the attorney did or did not have personal knowledge. In the defendants' reply memorandum in support of petition for relief from default judgment, the defendants cite *Lewis v. Erie Insurance Exchange,* 281 Pa. Super. 193, 421 A.2d 1214 (1980), where the court held that before dismissing a petition on the basis of a defective verification, the court should allow the petitioner to amend. The defendant did amend, but failed to do so correctly.

The defendants argue that the court should overlook the improper verification. They state that the rules of civil procedure "should be liberally construed to secure the just, speedy, and inexpensive determination of every action or proceeding to which they are applicable. The court . . . may disregard any error or defect of the pleadings." This would hold true if the error were not prejudicial to the opposing party and if the error were minimal. However, as stated in *Rupel, supra,* an improper verification to a complaint cannot "be brushed aside as a mere legal technicality and may result in the waiver of rights by the pleader." Not only is the error not minimal, it is also prejudicial to the plaintiff. The plaintiff has not been able to adequately prepare or move forward with this case as a result of the defendants' repeated failure to comply with 42 Pa.R.C.P. 1024. Hence, as averred by the plaintiff, her substantive rights and privileges have been infringed upon by the inability to receive accurate and complete responsive pleadings.

As stated in the case of *Monroe Contract, supra,* "counsel may verify *only* in those cases in which the conditions delineated in Rule 1024 are present." (emphasis in original) *Id.* at 555-56, 405 A.2d at 958. The petitioners have failed to comply with Pa.R.C.P. 1024. See *Provco Leasing Corp. v. Safin,* 265 Pa. Super. 423, 402 A.2d 510 (1979). "A pleading verified by one whose name does not appear in the caption of the case and whose interest is undisclosed will be struck off for lack of conformity to Pa.R.C.P. 1024." 3 Standard Pa. Practice 2d, ch. 16 §16:37. Hence, in the case at bar, verification was improper and the defendant was prejudiced as a result. Under the cited case law, the defendants' petition for relief from default judgment must be denied.

Further, while under Pa.R.C.P. 237.3, the defendants are entitled to relief from the default judgment if the

petition was filed within 10 days from the entry of the default judgment and the defendant states a meritorious defense. As was stated previously, it is recognized that, in instances where verification is deemed defective, the pleading "will be struck off for lack of conformity." 3 Standard Pa. Practice 2d, ch. 16 §16:37. The answer in this case must be stricken. Under 42 Pa.R.C.P. 1018.1, if an answer to a complaint is not filed within 20 days, the averments in the plaintiff's complaint will be deemed admitted. Hence, the defendants have failed repeatedly to properly provide a meritorious defense. The defendants, therefore, have also failed to satisfy Pa.R.C.P. 237.3.

For the foregoing reasons, the defendant's petition to open the default judgment is hereby denied.

### ORDER

And now, to wit, April 22, 1996, after consideration of the defendants' motion to open the default judgment and the answer thereto, it is hereby ordered and decreed that said motion is denied.