J. S66033/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| LIVE OAK BANKING COMPANY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| APPLEBROOK, LLC; | : | |
| APPLEBROOK KENNELS, LLC; | : | |
| APPLEBROOK VETERINARIANS, PLLC; | : | |
| APPLEBROOK LIVESTOCK | : | |
| VETERINARIANS, LLC; AND | : | |
| CURTIS BAUGHMAN, | : | No. 1122 EDA 2018 |
| | : | |
| Appellants | : | |

Appeal from the Order Entered March 6, 2018,
in the Court of Common Pleas of Chester County
Civil Division at No. 2016-03620-JD

BEFORE:  GANTMAN, P.J., PANELLA, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED APRIL 15, 2019**

Applebrook, LLC; Applebrook Kennels, LLC; Applebrook Veterinarians, PLLC; Applebrook Livestock Veterinarians, LLC (together, "Applebrook Entities"); and Curtis Baughman, M.S., D.V.M. ("Dr. Baughman") (collectively, "appellants") appeal the March 6, 2018 order of the Court of Common Pleas of Chester County that denied appellants' petition to strike and/or open judgment entered by confession and stay execution. After careful review, we affirm.

All of the Applebrook Entities were involved in small and large animal veterinary and animal boarding services in Oxford, Chester County,

Pennsylvania. Dr. Baughman is a veterinarian and was a member of each Applebrook entity.

On December 28, 2009, Live Oak Banking Company ("Bank") extended a commercial Small Business Administration loan to the Applebrook Entities in the amount of $1,750,000. On that same date, the Applebrook Entities executed a U.S. Small Business Administration promissory note ("Note") in favor of the Bank for the principal amount of the loan. That same day, Dr. Baughman executed and delivered to the Bank a commercial guaranty, whereby he absolutely and unconditionally guaranteed full and punctual payment and satisfaction of any and all indebtedness of the Applebrook Entities to the Bank under the Note.

Under the terms of the Note, the Applebrook Entities were required to pay the Bank $10,231 each month, commencing on March 5, 2009, and continuing on the fifth of each month until April 5, 2034, when all outstanding balances on the Note were due and payable. Failure to make a monthly payment when due constituted an event of default. The Applebrook Entities failed to make multiple monthly payments.

By letter dated November 7, 2014, the Bank advised appellants of the defaults and demanded immediate payment in full of the indebtedness owed under the Note. The Note contained a confession of judgment clause, which authorized the Bank to confess judgment upon the occurrence of a default. The Note required the Applebrook Entities to pay applicable attorneys' fees,

collection costs, and all other expenses incurred by the Bank in connection with the enforcement of its rights under the Note.

Specifically, the confession of judgment clause provided in pertinent part:

> POWER TO CONFESS JUDGMENT. UNDERSIGNED HEREBY EMPOWERS ANY ATTORNEY OF ANY COURT OF RECORD, AT ANY TIME AFTER THE OCCURRENCE OF ANY EVENT OF DEFAULT HEREUNDER, TO APPEAR FOR THE UNDERSIGNED AND, WITH OR WITHOUT COMPLAINT FILED, CONFESS JUDGMENT, OR A SERIES OF JUDGMENTS, AGAINST THE UNDERSIGNED IN FAVOR OF THE LENDER OR ANY HOLDER HEREOF FOR THE ENTIRE PRINCIPAL BALANCE OF THIS NOTE, ALL ACCRUED INTEREST AND ALL OTHER AMOUNTS DUE HEREUNDER, TOGETHER WITH COSTS OF SUIT AND AN ATTORNEY'S COMMISSION OF 10% OF SUCH PRINCIPAL AND INTEREST ADDED AS A REASONABLE ATTORNEY'S FEE, AND FOR DOING SO, THIS NOTE OR A COPY VERIFIED BY AFFIDAVIT SHALL BE SUFFICIENT WARRANT. THE UNDERSIGNED HEREBY FOREVER WAIVES AND RELEASES ALL ERRORS IN SAID PROCEEDINGS AND ALL RIGHTS OF APPEAL AND ALL RELIEF FROM ANY AND ALL APRAISEMENT [sic], STAY OR EXEMPTION LAWS OF ANY STATE NOW IN FORCE OR HEREAFTER ENACTED.

Note at 5.

On April 18, 2016, the Bank filed a complaint in confession in judgment. In the complaint, the Bank stated that the Applebrook Entities were in default under the terms of the Note and that Dr. Baughman had failed to pay the amounts owed pursuant to the guaranty. Consequently, the Bank stated that it was authorized to confess judgment against

appellants in the total amount of $1,095,359.20. This amount consisted of principal – $964,616.37, interest through April 11, 2016 – $116,424.22, late fees through April 8, 2016 of $10,769.61, and attorneys' fees through April 11, 2016 of $3,549.00. In addition, the Bank stated that interest would continue to accrue from April 12, 2016 at the **per diem** rate of $138.75 along with all costs and reasonable attorneys' fees that the Bank could incur until the outstanding indebtedness was collected. (Complaint in confession of judgment, 4/18/16 at 3-5.) Also, on April 18, 2016, the Bank confessed judgment against each appellant, praeciped for entry of judgment by confession, and praeciped for a writ of execution.

On May 18, 2016, appellants petitioned to strike and/or open the confessed judgment and stay execution. Appellants alleged that the trial court must strike the judgment because the warrant of attorney clause that served as the basis for the entry of judgment by confession against the Applebrook Entities and Dr. Baughman "is inconspicuous, does not appear on the same page as the signature page, does not immediately precede the executor's signature, does not bear any 'direct relation' to his signature, and is otherwise wholly insufficient under Pennsylvania law to apprise the executor of the rights being waived. . . ." (Petition to strike and/or open judgment entered by confession and stay execution, 5/18/16 at 2.)[1]

---

[1] The petition does not contain page numbers. For clarity in organization, this court has counted the page numbers beginning with the first page of the petition.

Appellants also asserted that the judgment should be stricken because the Bank failed to properly itemize damages and because they claim that the Bank prematurely executed on the judgment. In addition, appellants petitioned to open the judgment because appellants could not reasonably comprehend what they waived when they agreed to it. (*Id.* at 13.)

In the petition to open the confession of judgment, appellants stated that to the extent the trial court determined that the grounds raised for striking the judgment were more appropriate for opening the judgment, the grounds should be used as a basis for opening the judgment. (*Id.*)

Following discovery and the submission of briefs, the trial court denied appellants' petition to strike and/or open by order filed on March 6, 2018. On April 5, 2018, appellants filed a timely notice of appeal. On April 6, 2018, the trial court ordered appellants to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b). Appellants complied with the order on April 27, 2018. On May 16, 2018, the trial court issued an opinion, pursuant to Pa.R.A.P. 1925(a).

On appeal, appellants raise the following issues for this court's review:

1. Did the trial court err in concluding that [a]ppellants' waiver of notice and opportunity to be heard was knowing and voluntary?

2. Did the trial court err in upholding the confessed judgment where there was no Warrant of Attorney language in the Personal Guaranty of the Note by Dr. Baughman?

3. Did [the Bank] fail to sufficiently specify and itemize the damages?

4. Did [the Bank] improperly and prematurely execute on [a]ppellants' bank account without advance or simultaneous notice in violation of [a]ppellants' Due Process rights?

5. Did the trial court err in concluding that [a]ppellants have not raised a meritorious defense?

Appellants' brief at 4.

This court's standard of review of petitions to strike and/or open judgments is as follows:

> We review the trial court's order denying Appellant/Borrower's petition to strike or open for an abuse of discretion. **Neducsin v. Caplan**, 121 A.3d 498, 506 (Pa. Super. 2015). "[T]he court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason." **Id.**
>
> "A petition to strike a judgment is a common law proceeding which operates as a demurrer to the record. [It] may be granted only for a fatal defect or irregularity appearing on the face of the record." **Knickerbocker Russell Co., Inc. v. Crawford**, 936 A.2d 1145, 1146–1147 (Pa. Super. 2007) (citations omitted). In assessing whether "there are fatal defects on the face of the record . . . , a court may only look at what was in the record when the judgment was entered." **Cintas Corp. v. Lee's Cleaning Servs., Inc.**, 549 Pa. 84, 700 A.2d 915, 917 (1997) (quoting **Resolution Trust, Corp. v. Copley Qu-Wayne Assocs.**, 546 Pa. 98, 683 A.2d 269, 273 (1996)). Therefore, the original record that is subject to review in a petition to strike a confessed judgment consists only of the complaint in confession of judgment and the attached exhibits. **See id.**

> In contrast, "if the truth of the factual averments contained in [the complaint in confession of judgment and attached exhibits is] disputed, then the remedy is by proceeding to open the judgment," not to strike it. A petition to strike a confessed judgment and a petition to open a confessed judgment are distinct remedies; they are not interchangeable. A petition to open a confessed judgment is an appeal to the equitable powers of the court. Factual disputes by definition cannot be raised or addressed in a petition to strike off a confession of judgment, because factual disputes force the court to rely on matters outside the relevant record to decide the merits of the petition.
>
> ***Midwest Fin. Acceptance Corp. v. Lopez***, 78 A.3d 614, 622-23 (Pa.Super. 2013) (internal citations omitted).

***Gur v. Nadav***, 178 A.3d 851, 856 (Pa.Super. 2018).

## I.     Petition to Strike.

### A.     No Direct Relation Between Cognovit Clause and Signature.

Initially, appellants assert that while the Note includes language that purportedly permits the entry of judgment by confession, there is neither a separate signature for the cognovit clause nor does the cognovit clause immediately precede the executor's signature. (Appellants' brief at 11-12.) As a result, the cognovit clause did not bear a direct relation to the

signatures of Dr. Baughman as the authorized member of the Applebrook Entities. (*Id.*)

In *Graystone Bank v. Grove Estates, LP.*, 58 A.3d 1277 (Pa.Super. 2012), *affirmed sub nom. Graystone Bank v. Grove Estates, L.P.*, 81 A.3d 880 (Pa. 2013), this court explained the requirements of the warrant of attorney to authorize a confession of judgment:

> To validate a warrant of attorney appearing in a promissory note, the signature of the executor must "directly relate" to the warrant. How this relationship manifests may be understood by a review of precedent:
>
>> We have noted the need for strict adherence to rules governing confessed judgments.[] As a matter of public policy, Pennsylvania applies a similar strict standard to establish the validity of a clause. This is so because "a warrant of attorney to confess judgment confers such plenary power on the donee in respect of the adjudication of his own claims that certain specific formalities are to be observed in order to effectuate the granting of such a power." *Frantz Tractor Co. v. Wyoming Valley Nursery*, 384 Pa. 213, 120 A.2d 303, 305 (1956). Accordingly, "[a] Pennsylvania warrant of attorney must be signed. And it will be construed strictly against the party to be benefited by it, rather than against the party having drafted it." *Egyptian Sands Real Estate, Inc. v. Polony*, 222 Pa.Super. 315, 294 A.2d 799, 803 (1972) (citations omitted). "A warrant of attorney to confess judgment must be self-sustaining and to be self-sustaining the warrant must be in writing and

signed by the person to be bound by it. The requisite signature must bear a direct relation to the warrant of attorney and may not be implied." *L.B. Foster Co. v. Tri-W Const. Co.,* 409 Pa. 318, 186 A.2d 18, 20 (1962) (emphasis added).

> A general reference in the body of an executed lease to terms and conditions to be found is insufficient to bind the lessee to a warrant of attorney **not contained in the body of the lease** unless the lessee signs the warrant where it does appear. In short, a warrant of attorney to confess judgment is not to be foisted upon anyone by implication or by general and nonspecific reference.

*Frantz Tractor Co., supra* at 305 [emphasis added]; *accord Egyptian Sands Real Estate, Inc., supra* at 804 (stating, "a warrant of attorney on the second page of a document will not be conclusive against the signer of the first page"), *Jordan v. Fox, Rothschild, O'Brien & Frankel,* 20 F.3d 1250, 1274-1275 (3d Cir.1994) (same).

*Hazer v. Zabala,* 26 A.3d 1166 (Pa.Super.2011) (holding cognovit invalid where located in unsigned addendum "incorporated by reference" in, and attached subsequent to signature page of, agreement.).

Here, the warrant of attorney appeared conspicuously in all caps on the very bottom of the penultimate page of the agreement and immediately *preceded* where the executor (Mr. Pasch) signed at

the top of the following, final page. Evidence of this location of a conspicuous cognovit contained within the body of the agreement sufficed to establish that Mr. Pasch effectively signed his name to the warrant of attorney.

We therefore distinguish the present matter from precedent cited above invalidating warrants of attorney located either altogether outside the body of the agreement, too remote from the signature, or on pages subsequent to the signature. Because the location of the warrant of attorney related directly to the signature that immediately followed it, albeit on the next page, we concur with the trial court that a valid, signed, and self-sustaining warrant of attorney resulted. Accordingly, we reject Appellants' contention that a signature must appear on the same page as the cognovit in order to validate it.

*Graystone*, 58 A.3d at 1282-1283 (emphasis in original).

In order to ascertain the accuracy of appellants' claims, it is necessary to examine the Note itself. Page 5 of the Note contains the confession of judgment clause, which is printed in all capital letters. Page 5 of the Note also contains paragraphs regarding the governing law and the waiver of a jury trial. Dr. Baughman initialed that page. Page 6 of the Note contains a space for the borrower's name and signature. Dr. Baughman signed the Note on Page 6 in four different places as manager of the four different Applebrook entities. As in *Graystone*, the cognovit clause appears conspicuously in capital letters on the next to last page of the Note. The location of the warrant of attorney contained in Paragraph 10 of the Note on Page 5 directly related to the signatures on Page 6 of the Note. The trial court did not err when it did not strike the judgment on this basis.

Appellants next assert that the cognovit clause was inconspicuous and did not include unambiguous language sufficient to constitute a knowing and intelligent waiver of rights because it consists of two, unbolded, capitalized, single-spaced paragraphs that span 22 lines.  (Appellants' brief at 17.)

Although appellants claim that the language in the confession of judgment is ambiguous and inconspicuous, a review of the clause does not support the assertion.  The clause is in capital letters.  Appellants do not include any case law that requires the clause to be in bold type.  Further, even though appellants characterize the clause as confusing "legalese" (appellants' brief at 17), the clause specifically states that "the undersigned hereby forever waives and releases all errors in said proceedings and all rights of appeal and all relief from any and all apraisement [sic], stay or exemption laws of any state now in force or hereafter enacted."  (Note at 5.) In order to strike a judgment, a fatal defect must be apparent on the face of the record.  There is no such defect here.  The trial court did not err when it denied the petition to strike.

**B.      Confession of Judgment in Guaranty Agreement.**

Appellants next contend that even if the language of the cognovit clause were sufficient to constitute a waiver of the Applebrook Entities' right to defend an action against them, the cognovit clause could not be enforced against Dr. Baughman because the guaranty did not contain a warrant of

attorney or language sufficient under Pennsylvania law to authorize judgment by confession. (Appellants' brief at 18.) Appellants assert that the guaranty is written in small print, and the warrant of attorney contained in the guaranty is not capitalized, bolded, or italicized and is not highlighted in a manner to call attention to the provision. (*Id.*) Appellants also assert that the acknowledgement of terms contained in Paragraph 11 of the guaranty contains no specific reference to the warrant of attorney or the rights that an obligor must forego when he or she agrees to a warrant of attorney. (*Id.* at 18-19.)

While appellants are correct that the warrant of attorney in the guaranty is not capitalized, bolded, or italicized, this court does not agree that the confession of judgment clause is inconspicuous. It is on a page by itself with a capitalized heading for Section 10 – State Specific Provisions. It does not appear that the print is any smaller than the print in the rest of the document. The clause states the following:

> Upon non-payment of the principal sum as aforesaid after any applicable grace periods and cure periods, the undersigned will be in DEFAULT and upon being given fifteen (15) days prior written notice by Lender, the undersigned hereby authorizes and empowers any justice of the peace or clerk of any court of record in Maryland or elsewhere to enter judgment by confession, waiving all further notice, demand and protest, against the undersigned for the amount hereof, interest and costs, including reasonable attorney's fees, expressly waiving summons or other process and do further consent to the immediate execution of said judgment, expressly waiving the benefit of all exemption laws,

> irregularities or errors, and appeals, in entering said judgment or the execution thereon.

U.S. Small Business Administration Unconditional Guaranty, 12/28/09 at 4. The trial court did not abuse its discretion when it found this language sufficient.

Appellants again raise the issue that the signature does not bear a direct relation to the warrant of attorney. However, Dr. Baughman signed near the top of the next page, Page 5. The only paragraph or section between Section 10 – State Specific Provisions – which contains the warrant of attorney and Section 12 – Guarantor Name(s) and Signatures – is Section 11 – Guarantor Acknowledgement of Terms – which contains one sentence and states that the guarantor has read and understood the significance of all terms in the Note and the guaranty, including all waivers. The location of the warrant of attorney contained in Paragraph 10 on Page 4 of the guaranty agreement directly related to the signatures on Page 5. The trial court did not abuse its discretion when it did not strike the judgment on this basis.

### C. Itemization of Damages.

Next, appellants contend that the Bank failed to itemize damages sufficiently, so the judgment should be stricken. Appellants argue that Paragraph 24 of the Complaint contains "nothing more than a boilerplate statement of the damages that are allegedly owed by Appellants."

(Appellants' brief at 20.) Specifically, appellants argue that the account statement attached to the Complaint is dated more than five months before the Confession of Judgment was filed. There is no explanation as to how the principal balance was calculated; there is no statement of a period for which interest was accrued; there is no statement of the interest rate or documentary support for the amount or rate of interest charged; and there is no explanation for how the late fees were calculated. (Appellants' brief at 21.) In addition, appellants argue that neither the warrant of attorney in the Note nor in the guaranty permit the Bank to confess judgment for late charges.

Rule 2952(a)(7) of the Pennsylvania Rules of Civil Procedure sets forth the requirements for the itemization of the amounts due in a complaint to confess judgment: "(a) The complaint shall contain the following: . . . (7) an itemized computation of the amount then due, based on matters outside the instrument if necessary, which may include interest and attorneys' fees authorized by the instrument." Pa.R.C.P. 2952(a)(7). In **Davis v. Woxall Hotel, Inc.**, 577 A.2d 636, 638 (Pa.Super. 1990), this court construed Rule 2952(a)(7) as to require only that a plaintiff aver a default and allege the amounts due in a complaint for confession of judgment.

Here, the Bank alleged that appellants owed $964,616.37 in principal; $116,424.22 in interest through April 11, 2016; $10,769.61 in late fees

through April 8, 2016; and $3,549.00 in attorney's fees through April 11, 2016, for a total of $1,095,359.20. In addition, Paragraph 24 of the Complaint states that interest from April 12, 2016 at the **per diem** rate of $138.75 at an annual rate of 5.25% will be added to the total along with costs and reasonable attorneys' fees that the Bank will continue to incur in the collection of the outstanding indebtedness. (Complaint at 4-5.) Therefore, we find that the listing of the amount due complies with the requirements of Rule 2952(a)(7).

With respect to the issue of late fees, the warrant of attorney in the Note states that judgment can be confessed in favor of the lender for "the entire principal balance of the Note, all accrued interest and other amounts due hereunder together with costs of suit and an attorneys' commission of 10%. . . ." (Note at 5 (capitalization omitted).) The term "other amounts due hereunder" would include late fees. (**See id.** at 2.) Under the guaranty agreement, the guarantor, Dr. Baughman, guarantees payment of all amounts owing under the Note. The late charges were properly included in the confession of judgment. The trial court did not abuse its discretion when it declined to strike the judgment on this basis.

### D. Execution.

Appellants next contend that the Bank's execution of appellants' bank account was without advance or simultaneous notice in violation of their due

process rights. Appellants argue that the Bank violated their due process rights by attempting to execute on the judgment without first filing and serving notice pursuant to either Rule 2958.1 or Rule 2958.3 of the Pennsylvania Rules of Civil Procedure. (Appellants' brief at 22.) However, in the petition to strike, appellants only refer to Rule 2958.1. Rule 2959(c), which addresses the pleadings and procedure for striking off or opening a judgment, provides, "A party waives all defenses and objections which are not included in the petition or answer." Pa.R.C.P. 2959(c). Consequently, any argument with respect to Rule 2958.3 is waived because any objection based on Rule 2958.3 was not included in the petition. However, an objection based on an alleged failure to comply with Rule 2958.1 is not relevant as the trial court found, and this court agrees, that the Bank proceeded under Rule 2958.3, which is an alternate means of service.

## II. Petition to Open.

### A. Capacity.

Appellants essentially raise the same issues in the petition to open as they did in the petition to strike concerning whether the confession of judgment and the cognovit clause were not set forth in a manner in which appellants could not be expected to comprehend the meaning of the clauses. Appellants argue that Dr. Baughman had only nominal experience in the ownership, management, or financing of a business in 2009 and could not

understand the significance of the confession of judgment clauses. (Appellants' brief at 25-26.)

This court has held that where a debtor has not alleged fraud, and has produced no evidence to indicate a lack of capacity to understand the signed document or that he or she asked for an explanation of the contract language, the debtor must be held to the contract's terms. ***Germantown Savings Bank v. Talacki***, 657 A.2d 1285, 1288, 1289-1290 (Pa.Super. 1995), citing ***Provco Leasing Corp. v. Safin***, 402 A.2d 510 (Pa.Super. 1979).

Here, Dr. Baughman initialed the pages where the confession of judgment was located in each agreement and signed each document on the following page. There was no evidence that Dr. Baughman lacked the capacity to execute the agreements or that the Bank engaged in any type of fraud or misrepresentation. Appellants did not meet the requirements of ***Germantown Savings Bank***.

### B. Unconscionability.

Appellants also argue that enforcing the confession of judgment against them would be unconscionable because they had no meaningful choice but to accept the confession of judgment clauses together with contract terms that were unreasonably favorable to the Bank. (Appellants' brief at 27.)

Whether a contract is unconscionable is a matter of law. ***Snyder v. Rogers***, 499 A.2d 1369, 1372 (Pa.Super. 1985). In ***Germantown Mfg. Co. v. Rawlinson***, 491 A.2d 138, 145-148 (Pa.Super. 1985), a case cited by appellants, this court explained that unconscionability is a defensive contractual remedy that relieves a party from an unfair contract or an unfair portion of a contract. Further, in general, unconscionability has been recognized to include an absence of meaningful choice on the part of one of the parties together with contract terms that are unreasonably favorable to the other party. This court explained that the need for the concept of unconscionability is greatest when one party is inexperienced, uneducated, and of low income. A contract provision will be found to be unconscionable and unenforceable if the attempted reallocation of material risks is so extreme and the only evidence of an agreement is an inconspicuous provision in the "boilerplate" of a standard form. In other words, the reallocation of risks must be physically conspicuous and must have been manifested in a manner that was understandable to the party against whom the provision is sought to be enforced. In addition, the party must have had a reasonable choice in relation to such reallocation.

Here, we have already determined that the confession of judgment clauses were easy to read. Dr. Baughman, an educated individual, agreed to them. Dr. Baughman had the opportunity to consult with his counsel had he wished to do so. He signed the documents in the presence of his attorney.

The documents were form documents as drafted by the United States Small Business Administration. Although appellants gave up certain rights when they agreed to the confession of judgment clauses, the Bank loaned them a considerable amount of money, in excess of $1,000,000. The Bank received some protection in case of default that did later occur. This court determines that appellants have failed to prove that the clauses were unconscionable.[2] The trial court did not err when it denied the petition to open.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/15/19

---

[2] Appellants' claims to open the judgment based on the failure to comply with Pa.R.C.P. 2958.1 or Pa.R.C.P. 2958.3 are rejected for the same reasons as in this court's decision to affirm the petition to strike. Similarly, appellants do not develop any claim that the amounts owed were incorrectly calculated.